On May 26, 1978 Donna Hyde, a nurse's aid, injured her back while lifting a patient in the course of her employment at the Jasper Community Hospital, Inc. (now the Walker County Medical Center, Inc.). She brought suit in the Circuit Court of Walker County to recover benefits under the Alabama Workmen's Compensation Act and on June 27, 1980 was found to be permanently and totally disabled. She was awarded all reasonably necessary medical expenses incurred in connection with her injury.
The present action arises out of a complaint filed by Ms. Hyde on August 11, 1981 seeking to recover expenses connected with hospitalization in the Jasper Community Hospital, doctor bills owed to two physicians, the cost of treatment by a chiropractor, expenses for medicine and drugs, and related travel expenses. The hospital filed a motion to dismiss or in the alternative a motion for summary judgment, claiming that Ms. Hyde had failed to comply with § 25-5-77 (a), Code 1975. After its motion was denied, the hospital filed an answer alleging that Ms. Hyde's medical expenses were neither reasonably necessary nor directly related to her accident and that the treatment was not authorized by her employer as required by § 25-5-77 (a).
On December 22, 1981 the Walker County Circuit Court found that the expenses sought by Ms. Hyde were reasonably necessary and ordered the hospital to pay the cost of her treatment. The hospital appeals from this judgment.
Testimony adduced at trial indicates that after her injury, Ms. Hyde was hospitalized in the Jasper Community Hospital. The admitting physician requested that Dr. Bruce Russell enter the case as a consultant. Ms. Hyde indicated that she was unaware of who authorized treatment by the admitting physician and Dr. Bruce Russell. She further testified that neither the hospital nor its insurance carrier gave specific approval to treatment by either physician. There is no indication in the record as to whether the bills for this period of hospitalization have ever been paid.
Thereafter, Ms. Hyde was referred, with approval from her employer, to two specialists in Birmingham. She was hospitalized twice in Birmingham, and the bills were paid by the insurance carrier. She was referred to a third physician in Birmingham who hospitalized her for a third time. Again, the bills for this period were paid.
In April 1980 Ms. Hyde was returned to the Walker County Medical Center by Dr. Russell. She testified that her treatment there was basically the same as she had *Page 596 
received in Birmingham. She indicated that the insurance carrier did not authorize this hospitalization but that her condition improved during this period of treatment. The insurance company has refused to pay Dr. Russell's bills and the cost of her hospitalization.
During his treatment of her, Dr. Russell referred Ms. Hyde to the Campbell Clinic in Memphis, Tennessee. She also saw a chiropractor on her own. The hospital claims that these treatments were unauthorized and has refused to pay any of her medical bills or travel expenses.
Ms. Hyde indicated in her testimony that she was not dissatisfied with any of the physicians she had seen. She stated that she had refused to see one physician in Birmingham because she had seen him previously and apparently felt that he had been unable to help her.
In reviewing a workmen's compensation judgment, this court must determine whether there is any legal evidence, or reasonable inferences therefrom, to support the trial court's findings. Big"B" Discount Drugs, Inc. v. Parker, 401 So.2d 115 (Ala.Civ.App. 1981). It is not the duty of this court to weigh the evidence on appeal. Nason v. Jones, 278 Ala. 532, 179 So.2d 281 (1965).
The hospital bases the primary thrust of its argument on the premise that Ms. Hyde failed to comply with § 25-5-77, Code 1975, because she did not give notice to her employer or its insurer of her medical treatment after her return from Birmingham in 1979. Section 25-5-77 (a) provides in pertinent part that "the employer shall pay the cost of reasonably necessary" medical expenses arising out of a work-related accident. As provided in that section, the employer is to select the physician, but "[i]f the employee is dissatisfied with the initial treating physician, selected by the employer and if further treatment is required, the employee shall be referred to a second physician selected by the employer." If the employee is dissatisfied with the second physician, he may notify his employer who will select another physician. Section 25-5-77 (b) defines "physician" to include "medical doctor, surgeon and chiropractor." Thus, it is clear from the statute that the selection of the initial physician and of other physicians in the event of employee dissatisfaction is a decision for the employer. It is also clear from the statute that the employee must notify the employer before consulting a physician or before changing physicians except in the case of an emergency. United States v. Bear Brothers, Inc., 355 So.2d 1133
(Ala.Civ.App. 1978).
During her original period of hospitalization, Ms. Hyde was treated by Dr. Russell in defendant's hospital. There is no evidence in the record to indicate that Dr. Russell had been selected by the hospital. Nor is there evidence to indicate that Dr. Russell was not approved by the hospital. Hence, it would have been logical for Ms. Hyde to believe that any treatment provided for her by the hospital was given with its knowledge and approval. Larson, in his treatise The Law of Workmen'sCompensation, states that an employee may avail himself of medical services "if the employer has expressly or impliedly conveyed to [him] the impression that the employee has authorization to proceed in this fashion, or with full knowledge has over a sustained period of time failed to object to claimant's change of physician." 2 A. Larson, The Law ofWorkmen's Compensation § 61.12 (g) (1981) (footnotes omitted). When Ms. Hyde returned from Birmingham and discovered that she needed further medical attention, she could have reasonably believed that she should again consult Dr. Russell and that no further approval was required from her employer.
The trial court impliedly found that the treatment by Dr. Russell and the hospitalization in the Walker County Medical Center were authorized by Ms. Hyde's employer. We agree. Considering the evidence in the record that Dr. Russell had begun her treatment in defendant's hospital without its objection, we find that all subsequent treatment by him was authorized by the hospital and that it is liable for the cost of such care. SeeUnited States v. Bear Brothers, Inc., supra. *Page 597 
We also find that Ms. Hyde's treatment at the Campbell Clinic in Memphis, Tennessee was authorized by the defendant hospital. The record clearly indicates that Dr. Russell referred her there for diagnosis and treatment. Since we have found that Dr. Russell's treatment of Ms. Hyde was authorized, we have no difficulty in determining that other reasonably necessary medical treatment prescribed by him was also authorized.
Ms. Hyde's treatment by the chiropractor presents a different issue. Dr. Russell testified that he did not recommend that she seek chiropractic treatments, and Ms. Hyde, herself, indicated that she consulted the chiropractor on her own. For these reasons we cannot find that such treatments were authorized by the hospital.
The hospital next argues that Ms. Hyde's treatments were not reasonably necessary. Ms. Hyde indicated that when she left the hospital in Birmingham, she was still having back pain and that she consulted Dr. Russell for this reason. We agree with the trial court's conclusion that such treatments were reasonably necessary.
Finally, the hospital argues that its motion for summary judgment should have been granted. Because of our conclusions, this issue is without merit.
For the foregoing reasons, the judgment below is affirmed in part, reversed in part and remanded for entry of judgment consistent with this opinion.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED WITH DIRECTIONS.
WRIGHT, P.J., and HOLMES, J., concur.