HOLMES, Judge.
This is a workmen’s compensation case.
The employee, Donald Grantham, was injured while employed as an electrician with Amoco Fabrics Company. The employee sought benefits from the employer under Alabama’s workmen’s compensation laws.
The parties stipulated that the only issues to be tried were whether the employee had any permanent or partial disability and whether certain medical expenses were authorized by and could be charged to the employer.
The trial court found that the employee had suffered a twenty percent permanent partial disability and awarded compensation accordingly. The trial court also found that the employee was not entitled to recover any of his medical expenses subsequent to April 21, 1983, because he had failed to comply with Ala.Code (1975), § 25-5-77.
The employee appeals. We affirm.
The only issue properly raised on appeal is whether the trial court erred in failing to allow the employee to recover for medical expenses subsequent to April 21, 1983.
The record reveals, in pertinent part, that on January 31, 1983, while at work the employee fell eight to ten feet to a concrete floor. He sustained injuries to his back and was examined and treated by several doctors over a period of several weeks.
By letter dated April 18, 1983, Amoco learned that the employee had been released by the attending doctors to return to work. Amoco notified the employee, by letter dated April 27, 1983, that he was expected to return to work the day after he received the letter or he would be terminated. The letter also notified the employee that the weekly disability payments would cease as of April 21, 1983. In this letter, Amoco also stated that it had done everything that it was morally and legally obligated to do and was distressed to learn that the employee had not informed his employer that he had been released to return to work.
The employee testified that he was physically unable to return to work when he received the April 27, 1983, letter and, therefore, he did not. The evidence further indicated that the employee did not notify Amoco that he was physically unable to return to work nor did he request that Amoco allow him to consult another doctor, as he was dissatisfied with the previous doctors. The evidence indicates that the employee considers Amoco’s letter of April 27, 1983, to be evidence of its refusal to provide additional medical care for his injuries. He testified that, after receiving that letter, he did not attempt to obtain Amoco’s authorization to consult another doctor. He testified that he consulted several other doctors and in October 1984, he underwent surgery on his back.
The employee contends that Amoco is liable for the medical expenses which resulted from the accident. Amoco contends that the employee failed to comply with Ala.Code (1975), § 25-5-77, and, therefore, the employer is not obligated to pay those medical expenses which were not authorized.
*1385 In reviewing workmen’s compensation cases, this court is limited to a determination of whether there is any legal evidence to support the trial court’s factual findings. Jasper Community Hospital, Inc. v. Hyde, 419 So.2d 594 (Ala.Civ.App.1982).
Under Alabama’s then existing workmen’s compensation laws, the employer was to be responsible for all necessary medical treatments and surgery required by an injured employee. If the employee was dissatisfied with the treating physician selected by the employer, he could advise the employer, who could refer him to another physician. Ala.Code (1975), § 25-5-77(a). This statute clearly indicates that, unless there is an emergency, the employee must notify his employer when he wishes to consult another physician about his injury. Jasper Community Hospital, Inc., 419 So.2d 594.
The employee contends that he falls within the exceptions to this statute which were outlined in United States v. Bear Brothers, Inc., 355 So.2d 1133 (Ala.Civ.App.1978). These exceptions include:
“(1) where the employer has neglected or refused to provide the necessary medical care; (2) where the employer has consented to the selection by the employee;
where notice of and request for alternative care would be futile; and (4) where other circumstances exist which justify the selection of alternative care by the employee.”
Bear Brothers, Inc., 355 So.2d at 1138.
The evidence indicates that Amoco paid the employee’s medical expenses until such time as he was released to return to work. The employee contends that the letter dated April 27, 1983, is evidence of Amoco’s refusal to provide him additional medical care for his injury. There is no other evidence of the employer’s refusal to provide medical care. This letter dated April 27, 1983, does not in and of itself supply the necessary evidence to allow the employee to fall within the above-stated exceptions.
The evidence further indicates that, after the employee received the letter dated April 27,1983, he did not notify Amoco that he was physically unable to work. Additionally, and more importantly, the employee did not attempt to get authorization from Amoco to consult another physician.
The evidence fails to demonstrate that the employee complied with the requirements of Ala.Code (1975), § 25-5-77, or that he fell within any of the exceptions. Therefore, the trial correctly found that he was not due to recover any medical expenses subsequent to April 21, 1983.
In the conclusion of his brief, the employee raises the question of whether the trial court erred in failing to award him compensation for temporary total disability from January 31, 1983, until October 1984. The employee did not properly raise this question for review by this court. See Rule 28, Alabama Rules of Appellate Procedure. Therefore, we will not consider this question on appeal.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.