This petition for writ of certiorari arises from a judgment in the Court of Civil Appeals in a workmen's compensation case. Donald Grantham filed this suit against Amoco Fabrics Company for payment of workmen's compensation benefits. The Court of Civil Appeals affirmed the judgment of the trial court in favor of Amoco Fabrics Company, 514 So.2d 1383.
On January 31, 1983, Grantham, while employed as an electrician for Amoco, slipped and fell 10 feet from his work station to the ground. Grantham injured his back and was referred to Dr. Joe Sanders in Andalusia. Dr. Sanders performed a lumbosacral spine series test on Grantham and then referred him to two neurologists. Those doctors, Dr. Bruce C. Raymon and Dr. Howard Culbertson, examined Grantham and found he had a congenital defect in his back. Neither doctor found that Grantham had suffered any permanent disability as a result of the fall.
On March 10, 1983, Dr. Culbertson told Grantham that he would be able to resume work after two weeks of physical therapy. Grantham completed the therapy, but did not return to work or notify Amoco Fabrics of his medical release. Instead, Grantham stayed away from work and continued to collect his disability benefits. In a letter *Page 1387 
dated April 18, 1983, from Dr. Sanders to Mr. Gene Shearl, an Amoco employee relations supervisor, Sanders informed Amoco of Grantham's medical release. Dr. Sanders explained that Grantham was released from Dr. Culbertson's care on March 10 and referred to Community Hospital for two weeks of physical therapy, which ended March 28. According to Dr. Sanders, Grantham was fit for work at that time.
In a letter dated April 27, 1983, Mr. Shearl informed Grantham that he was aware of the medical release and that Grantham was to return to work upon receipt of the letter. Grantham did not respond to the letter or return to work. He did not inform Amoco Fabrics of any dissatisfaction with Dr. Raymon or Dr. Culbertson. Instead, Grantham sought further advice without notice to, or consent of, Amoco. None of the doctors Grantham selected informed Amoco that he was under their care or that he was not fit to work.
Grantham contends that the decision of the Court of Civil Appeals is directly in conflict with its prior decision inUnited States v. Bear Brothers, Inc., 355 So.2d 1133
(Ala.Civ.App. 1978). In Bear Brothers, the Court of Civil Appeals held that where an injured employee rejected the recommendation of surgery by the hospital provided under workmen's compensation and sought treatment at a Veterans' Administration hospital, the employee was not covered by workmen's compensation. The issue in Bear Brothers, as in the present case, was whether the patient had voluntarily and unjustifiably left the medical care of the physicians provided by the employer, without the employer's knowledge or permission. See Code 1975, § 25-5-77. Although the court in Bear Brothers found that the employer was not liable for workmen's compensation benefits to the V.A. for medical services rendered, its opinion explained that under certain circumstances an employee may recover workmen's compensation for services rendered by a doctor of the employee's choosing:
 "Among such instances are: (1) Where the employer has neglected or refused to provide the necessary medical care; (2) Where the employer has consented to the selection by the employee; (3) Where notice of and request for alternative care would be futile; and (4) Where other circumstances exist which justify the selection of alternative care by the employee."
Bear Brothers, 355 So.2d at 1138 n. 1. Mr. Grantham contends that grounds (1), (3), and (4) apply in the present case to justify his independent selection of medical care. The question to be decided is whether there is any evidence that would support the trial court's finding that the failure to comply with Code 1975, § 25-5-77, was unexcused.Jasper Community Hospital, Inc. v. Hyde,419 So.2d 594, 596 (Ala.Civ.App. 1982).
Grantham initially argues that Amoco Fabrics neglected or refused to provide the necessary medical care. He contends that Amoco's letter of April 27, 1983, constituted a refusal to provide him with additional medical care for his injury. The letter stated in pertinent part:
 "Dr. Sanders confirms that, in his opinion, you were able to return to work on March 28, 1983.
 "As you know, we have gladly assumed all of your medical expenses since your fall, have had you on full weekly disability benefits. . . . We have fulfilled all of our moral and legal obligations to you as an employee.
 "Naturally, we were very distressed to learn that you were able to work on March 28 and failed to return to your job or even to bother to telephone us. . . ."
It is important to note that all of the medical reports available to Amoco, and to the doctors that it chose to provide Grantham's medical care, indicated he had a congenital defect in his back that would not, under the circumstances, hinder his ability to work as an electrician. Grantham did not contact Amoco upon receipt of the letter. He neither expressed dissatisfaction with Drs. Sanders, Raymon, or Culbertson nor expressed any indication that he was unfit to work. *Page 1388 
Under these circumstances, it is difficult to accept Amoco's letter as a refusal to provide medical care. According to Amoco's information at the time, a month had lapsed since Grantham was discharged from all medical attention and he was healthy during that time. Under this belief, Amoco could reasonably have thought that Grantham would not require any further medical care. The exception stated in Bear Brothers is that "the employer has . . . refused to provide the necessary medical care"; Amoco could have reasonably believed that any medical care given after Grantham's release was "unnecessary." Amoco had no way of knowing that Grantham wanted further medical care, and certainly no way of knowing that any such care was "necessary."
Grantham's second argument, that notice of and request for alternative care would have been futile, is likewise without support. Although Grantham argues that the refusal of Amoco to provide further medical treatment made any requests futile, the evidence points to the contrary. First of all, Amoco did not refuse further medical benefits until it had notice of the medical release, a full month after Grantham was declared fit to work. Amoco never received any information from Grantham or any of his doctors indicating he was under medical care or was in any way disabled. Grantham offered no evidence that Amoco had refused medical benefits prior to its notice of his medical release.
Finally, Grantham argues that other circumstances existed which justified the selection of alternative care by him. The only allegation Grantham raises here is that Drs. Sanders, Raymond, and Culbertson misdiagnosed his injury as a congenital defect. Although the record raises a question about whether Grantham indeed had a congenital condition, mere misdiagnosis of the cause of an ailment does not excuse adherence to the notice requirements of Code 1975, §25-5-77. That section does not anticipate excuse of the notice requirement except in an emergency situation.Hyde, 419 So.2d at 596.
Under these facts, it appears that none of the exceptions of § 25-5-77, as explained in Bear Brothers, applies. The judgment of the Court of Civil Appeals is hereby affirmed.
AFFIRMED.
MADDOX, BEATTY, ADAMS and HOUSTON, JJ., concur.