The employee filed a complaint alleging that he had been injured within the line and scope of his employment and demanding judgment against the employer for the compensation benefits and medical expenses to which he was entitled under the workmen's compensation statutes. In its answer, the employer admitted that the employee had been injured in January 1985 while working within the line and scope of his employment and that it had received prompt notification of the injury.
The employer further stated that it had paid two weeks of temporary total disability benefits and medical expenses, including chiropractic charges, through April 8, 1985. The employer denied the nature and extent of the injuries alleged by the employee and also denied that the employee was entitled to any additional compensation or medical benefits.
After a hearing, the trial court issued a judgment setting out its findings of fact and conclusions of law. The trial court held that the employee had been fully compensated for his injury and was not entitled to recover any additional sums. The employee's post-trial motion was denied. The employee appeals.
The issue on appeal is whether there was any evidence to support the trial court's finding that the employee was not entitled to recover any additional workmen's compensation benefits for his injury sustained in January 1985. A workmen's compensation case is reviewed by this court *Page 1021 
by writ of certiorari, and our scope of review is very limited.Benefield v. Goodwill Industries, 473 So.2d 505
(Ala.Civ.App. 1985). This court will affirm the findings of the trial court if there is any legal evidence to support those findings.Lowe v. Walters, 491 So.2d 962 (Ala.Civ.App. 1986).
Our review of the record reveals that Pike was a welder at The Heil Company and injured his back during the course of his employment in January 1985. He reported the injury to his employer and received treatment at the emergency room. A few days later, he visited his family physician (a Dr. Elliott), who diagnosed the injury as musculoskeletal strain (back-strain). Pike saw Dr. Elliott twice during February 1985, and Dr. Elliott released him to return to work on February 15.
In his deposition, Dr. Elliott stated that he imposed no work restrictions on Pike and he saw no reason that he would be unable to resume normal duties and activities. Dr. Elliott stated that Pike had made an office visit to him in July 1984, complaining of back pain. Dr. Elliott also testified that he had seen Pike on several occasions subsequent to February 1985 and that he had made no complaints of back pain.
Pike also made a total of eleven office visits to a chiropractor (a Dr. Hester) from February 25, 1985, until April 8, 1985. Dr. Hester testified that Pike's condition improved to such a point that drugs were no longer required. Pike discontinued his visits with Dr. Hester in April 1985. (We note that the insurance company paid for this treatment.)
Pike was terminated from The Heil Company in April 1985 and farmed until he secured employment with the county road department in October 1985. Pike was laid off after six months. In 1986, Pike was examined by a Dr. Ingram, who is a chiropractor, and a Dr. White, who is a neuro-surgeon. None of these doctors was able to assign any permanent physical impairment or loss of ability to earn due to the January 1985 injury.
Based upon the foregoing, we affirm the order of the trial court which held that the employee had been fully compensated for his injury.
This case is affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.