This is a workmen's compensation case.
Allie Hammons (appellant) seeks total permanent disability benefits under the workmen's compensation laws of Alabama for an alleged injury that occurred while she was employed with Roses Stores, Inc. (appellee). After denial of benefits by the trial court, Mrs. Hammons appeals. We affirm.
On August 20, 1980, Mrs. Hammons claims to have suffered an injury to her back when she lifted a tray of dishes weighing approximately fifty pounds. At the time of the alleged injury, Mrs. Hammon's weekly wage was $122.40. From August 25, 1980, to August 2, 1988, Mrs. Hammons has received temporary total disability benefits in the amount of $81.60.
Mrs. Hammons was examined after her alleged injury by four orthopedic and/or neurologic specialists, who conducted a series of tests. The results of these tests were normal and no discernible signs of serious back injury were present. Mrs. Hammons returned to work in November 1980.
In February 1981, after being referred to the Atlanta Back Clinic by a physical therapist, Mrs. Hammons was diagnosed as having a ruptured disc. She was referred to a Dr. Brown, who performed surgery to repair her disc. A second operation was performed to correct something from the first operation. A total of four operations were performed on Mrs. Hammons by Dr. Brown to repair her disc. Mrs. Hammons's current prognosis is failed back syndrome.
Mrs. Hammons presents four issues for review: (1) whether the trial court erred in rendering a judgment denying workmen's compensation which failed to contain a statement of the law, the facts and conclusions of all the issues presented in this case; (2) whether the trial court erred in its application of the law to the facts regarding the plaintiff's present physically disabling condition; (3) whether the court erred in its application of the law to the facts *Page 885 
regarding the plaintiff's psychological injuries which allegedly resulted from the work-related accident of August 20, 1980, and (4) whether the court erred in denying the plaintiff compensation for permanent and total disability due to the lack of legal evidence to support such a finding.
Our standard of review in workmen's compensation cases is limited to questions of law and examination of the evidence to determine whether any legal evidence supports the findings of the trial court. This limited review does not allow us to weigh the evidence. If there is any legal evidence supportive of the trial court, we must affirm. Cook v. Munn, 528 So.2d 881
(Ala.Civ.App. 1988); Pike v. Heil Company, 529 So.2d 1020
(Ala.Civ.App. 1988).
In a workmen's compensation case, the judgment entered by the trial court must contain a statement of the law and facts and conclusions as determined by the judge. Our review of the record reveals that the trial court issued thirteen specific findings of fact, which were supported by conclusions of law. We, therefore, find substantial compliance with the requirement set out in Ala. Code (1975), § 25-5-88 (1986 Repl.Vol.).
For an injury to be compensable, the employee must establish both legal and medical causation. County of Mobile v. Benson,521 So.2d 992 (Ala.Civ.App. 1988). Once legal causation has been established, i.e., that an accident arose out of, and in the course of employment, medical causation must be established, i.e., that the accident caused the injury for which recovery is sought.
Four orthopedic and/or neurologic specialists examined Mrs. Hammons shortly after the alleged injury and found no objective symptoms of a serious back injury. The only testimony Mrs. Hammons proffered to relate the surgeries to the alleged incident at Roses Stores, Inc., was that of Dr. C.W. Brown, the physician who performed the surgeries on Mrs. Hammons. Dr. Brown's diagnosis found that the disc problem was primarily degenerative and cited that the major reason for instability in her back was described by him as "the general wear and tear that most everybody gets at some time in life." Dr. Brown could only testify that the diagnosis of the herniated disc injury "could be" consistent with Mrs. Hammons's complaint of back pain due to lifting an object. Dr. Brown also testified that Mrs. Hammons's herniated disc problem could be caused by many other things.
It is a well established principle that evidence presented by a workmen's compensation claimant must be more than evidence of mere possibilities that would only serve to "guess" the employer into liability. Stewart v. Busby, 284 So.2d 269
(Ala.Civ.App. 1973).
The trial court determined that Dr. Brown's testimony, coupled with the findings of the four specialists, was insufficient to establish both legal and medical causation in order to support an award of workmen's compensation benefits. We agree.
In Fruehauf Corp. v. Prater, 360 So.2d 999 (Ala.Civ.App. 1978), cert. den., 360 So.2d 1003 (1978), we set forth the proposition that:
 "If it is established by legal evidence that an employee has suffered a physical injury or trauma in the line and scope of his employment and he develops a neurosis as a proximate result of such injury or trauma which neurosis causes or contributes to an occupational or physical disability, such disability is compensable."
The case at bar differs from Fruehauf, supra, in that there is not sufficient legal evidence to support her contention that the psychological impairment she complains of proximately resulted from her work-related injury.
The test for permanent and total disability is the inability to perform one's trade or to obtain reasonably gainful employment. The employee is not required to be absolutely helpless or suffer total physical disability. Boyd BrothersTransportation, Inc. v. Asmus, 540 So.2d 757 (Ala.Civ.App. 1988). *Page 886 
The record reveals that there was conflicting testimony as to whether or not Mrs. Hammons was employable. The trial court determined that Mrs. Hammons is employable.
Our review of the record reveals adequate evidence to support the trial court's decision. We therefore affirm.
AFFIRMED.
HOLMES, P.J., and INGRAM, J., concur.