This is a workmen's compensation case.
Judy Carter (employee) was employed by Price's Bar-B-Que (employer) for approximately five years prior to December 20, 1986. Her duties included serving, cooking, and cleaning. Employee claims that she permanently injured her back in the line and scope of her employment on December 20, 1986, while lifting a butcher block.
On May 27, 1987, she filed a complaint in the Circuit Court of Lamar County seeking workmen's compensation benefits for permanent total disability. Those testifying were Mrs. Carter, Mr. Rayburn Price, owner of Price's Bar-B-Que at the time of the incident, and four medical doctors by deposition.
The trial court issued an order on May 16, 1988, finding that the employee was injured in the line and scope of her employment at Price's-Bar-B-Que, and was entitled *Page 39 
to receive workmen's compensation benefits to the extent of temporary total disability. Employer appeals. We affirm.
Our standard of review in workmen's compensation cases is limited to questions of law and examination of the evidence to determine whether any legal evidence supports the findings of the trial court. This limited review does not allow us to weigh the evidence. If there is any legal evidence supportive of the trial court, we must affirm. Cook v. Munn, 528 So.2d 881
(Ala.Civ.App. 1988); Pike v. Heil Company, 529 So.2d 1020
(Ala.Civ.App. 1988).
Employer first alleges that the trial court erred to reversal by not properly considering the employee's preexisting back problems within the context of § 25-5-58, Ala. Code 1975 (1986 Repl.Vol.), which states:
 "If the degree or duration of disability resulting from an accident is increased or prolonged because of a preexisting injury or infirmity, the employer shall be liable only for the disability that would have resulted from the accident had the earlier injury or infirmity not existed."
This court has held that this section "is to be liberally construed so as not to apply if the previous injury or infirmity has not demonstrated itself as disabling and prevented the employee from performing his job in a normal manner." Robinson Foundry, Inc. v. Tinsley, 510 So.2d 825, 826
(Ala.Civ.App. 1987). Further, Robinson held that where the evidence supported the conclusion that one was performing his job normally and clearly to the satisfaction of the employer prior to the time of the injury, this section did not apply. In the instant case, it is undisputed that the employee was able to perform her job normally and satisfactorily prior to December 20, 1986. It appears from the record that the trial court properly considered evidence of the existence of any preexisting infirmity.
The second issue the employer raises is that the trial court erred in finding that the disability did not exist prior to the alleged new injury. As discussed earlier, if the employee was able to satisfactorily perform her duties prior to the injury, no preexisting condition is present for compensation purposes.
Testimony of the employee and employer was consistent that prior to approximately December 20, 1986, the employee performed her duties satisfactorily. In reviewing the evidence presented to the trial court regarding any preexisting condition prior to December 1986, it appears that the trial court was acting within its discretion when it found that the disability, for purposes of workmen's compensation, did not exist prior to December 1986.
The third issue argued by appellant is that there was no legal evidence at trial of the plaintiff's inability to work, and therefore that the court erred by awarding temporary total disability.
The test for total disability is the inability to perform one's trade or to obtain reasonably gainful employment. The employee is not required to be absolutely helpless or suffer total physical disability. Boyd Brothers Transportation, Inc.v. Asmus, 540 So.2d 757 (Ala.Civ.App. 1988).
Dr. Taylor testified that, in her present condition, the employee is able to perform only sedentary type work that requires no bending, stooping, lifting, or twisting. This evidences plaintiff's inability to work as she had done prior to December 1986. Additionally, evidence presented, regarding the need for back fusion surgery, clearly shows that the employee is unable to work at the present time.
The final issue concerns whether the trial court erred by not limiting medical benefits to those specifically relating to the incident in December 1986. The appellant cites no legal authority for this proposition. Rule 28(a)(5), Alabama Rules of Appellate Procedure, requires that the appellant cite authority for its contentions. Citation to depositions in the record is not enough. One is required to support allegations of error with legal authority, and, to do otherwise, does not constitute a valid argument. Webster v. Webster, 517 So.2d 5
(Ala.Civ.App. 1987). Accordingly, this court has no obligation to review the fourth issue raised by appellant. *Page 40 
The trial court had evidence before it to support its findings and must be affirmed.
AFFIRMED.
HOLMES, P.J., and INGRAM, J., concur.