ROBERTSON, Presiding Judge.
Tracy Moncrief (employee) filed suit for workmen’s compensation benefits, alleging that he sustained a back injury arising out of and in the course of his employment with the Russell Corporation (employer).
After an ore tenus proceeding, this case was taken under submission. During the time this case was under submission, the trial judge died, and the ease was assigned to another judge. The parties then requested that the record of the hearing be submitted by stipulation, and the new trial judge found, inter alia, that the employee had sustained a lower back injury as a result of an accident in the course of his employment; that the employer had paid certain medical expenses but was not liable for other unauthorized medical treatment; that the employee had suffered a 10% loss of ability to earn (and the judge awarded benefits accordingly); and that the employee was entitled to and had been paid temporary total disability benefits for a period of ten weeks and four days.
In reviewing workmen’s compensation cases, this court must first look to see if there is any legal evidence to support the *384 findings of the trial court. If such evidence is found, then we must determine whether any reasonable view of the evidence supports the trial court’s judgment. Ex parte Eastwood Foods Inc., 575 So.2d 91 (Ala.1991).
The employee contends on appeal that the trial court erred in limiting the award of medical expenses, and in not awarding temporary total disability benefits for the periods of time he was convalescing from his surgeries.
The record indicates that the employee was injured on October 19, 1984. Immediately after the injury he drove himself to a hospital where he was treated in the emergency room by a Dr. Harrow. Dr. Harrow examined and X-rayed the employee’s back and then released him. A few days later, the employee returned to see Dr. Harrow. At this time Dr. Harrow admitted the employee into a hospital for tests and X-rays. After a couple of days, the employee was discharged and remained home for one week. The next week the employee returned to work for the employer on light duty and eventually went back to regular duty. After working on regular duty for one day, the employee complained of numbness in his legs. After receiving permission from his employer, he visited Dr. Keith, a neurosurgeon, the following day. The employee was hospitalized under the care of Dr. Keith. During this time, a number of tests were performed, and the employee was put in a back brace. Later, the employee again returned to work on light duty. The employee continued to see Dr. Keith for approximately two months. On the advice of a person on the clinical staff of the employer, the employee began seeing Dr. Thomas, an orthopedic surgeon.' The employee was admitted into the hospital by Dr. Thomas, and he remained there for one week. Dr. Thomas put the employee in a body cast for two months. After the cast was removed, the employee was told he could go back to work, but Dr. Thomas limited him to lifting only 15 to 20 pounds. The employee testified that because he was limited to carrying only 15 to 20 pounds his employment was terminated. The employee testified that the employer paid his medical expenses from Drs. Harrow, Keith, and Thomas, and that he is not getting billed for any medical expenses incurred during the time that he saw any of these doctors.
After the employee was terminated, he testified, he saw Dr. Wells, an orthopedic surgeon, without the permission of the employer. Dr. Wells referred the employee to Dr. Hackman, a neurosurgeon, again without the permission of the employer, and in turn Dr. Hackman referred the employee to Dr. Nasca, an orthopedic surgeon. The employee’s first visit with Dr. Nasca was in February 1986; this visit was without the permission of the employer. Dr. Nasca admitted the employee into the hospital and performed fusion surgery on his back. Dr. Nasca testified that the employee returned to work as a mechanic after the first fusion but required another surgery in May 1988, due to the fact that the first surgery did not result in a solid fusion of the employee’s back.
The record indicates that the employer paid for all authorized medical expenses incurred by the employee. The medical expenses that were not reimbursed resulted from the employee’s visiting doctors who were not authorized by the employer. The employee testified that it would have been futile to ask for authorization, because, he said, a safety director of the employer told him that the employer had “cleared [its] hands of any problems with [his] back”; therefore, the employee said, he proceeded to obtain unauthorized medical treatment. However, the record indicates that both the safety representative and the employer’s corporate nurse testified that they made no such statement to the employee.
We note that § 25-5-77, Code 1975, clearly states that, “unless there is an emergency, the employee must notify the employer when he wishes to consult another physician about his injury.” Grantham v. Amoco Fabrics Co., 514 So.2d 1383, 1385 (Ala.Civ.App.1986), aff'd, 514 So.2d 1385 (Ala.1987).
In the instant case, the employee failed to notify the employer before visiting other physicians. Furthermore, the record is devoid of any evidence that the employee was in an emergency situation.
*385 Part of the employee’s unauthorized medical treatment entailed the performance of two surgeries to his back. The employee contends that the trial court erred in not awarding temporary total disability benefits for the periods of time he was convalescing from surgery.
We conclude that the trial court did not err in limiting the employee’s medical costs to authorized medical treatment; therefore, it follows that we cannot hold that the trial court erred in not awarding temporary total disability benefits for the periods of time he was convalescing from the unauthorized surgeries.
In the instant case, there is legal evidence to support the trial court’s findings that the employer had paid certain medical treatment but was not liable for unauthorized medical treatment; that the employee had suffered a 10% loss of ability to earn; and that the employee was entitled to and was paid temporary total disability benefits, for a period of ten weeks and four days. Because a reasonable view of this evidence supports the trial court’s judgment, we must affirm. Eastwood Foods.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.