Tracy Moncrief appeals from a judgment of the Court of Civil Appeals affirming the denial of workers' compensation benefits. Moncrief worked as a manual laborer for Russell Corporation; he claimed to have sustained a back injury while on the job.
The issues are (1) whether the Court of Civil Appeals erred in affirming the trial court's denial of temporary total disability benefits to Moncrief during his convalescence following unauthorized surgery; and (2) whether the Court of Civil Appeals erred in affirming the trial court's holding that the employer did not have to pay unauthorized medical expenses.
The Court of Civil Appeals set out the facts in Moncrief v.Russell Corp., 627 So.2d 383 (Ala.Civ.App. 1992). However, we feel it necessary to recite the facts as found by that court in order to better present the issues in this case.
 "The record indicates that the employee was injured on October 19, 1984. Immediately after the injury he drove himself to a hospital, where he was treated in the emergency room by a Dr. Harrow. Dr. Harrow examined and X-rayed the employee's back and then released him. A few days later, the employee returned to see Dr. Harrow. At this time Dr. Harrow admitted the employee into a hospital for *Page 387 
tests and X-rays. After a couple of days, the employee was discharged and remained home for one week. The next week the employee returned to work for the employer on light duty and eventually went back to regular duty. After working on regular duty for one day, the employee complained of numbness in his legs. After receiving permission from his employer, he visited Dr. Keith, a neurosurgeon, the following day. The employee was hospitalized under the care of Dr. Keith. During this time, a number of tests were performed, and the employee was put in a back brace. Later, the employee again returned to work on light duty. The employee continued to see Dr. Keith for approximately two months. On the advice of a person on the clinical staff of the employer, the employee began seeing Dr. Thomas, an orthopedic surgeon. The employee was admitted into the hospital by Dr. Thomas, and he remained there for one week. Dr. Thomas put the employee in a body cast for two months. After the cast was removed, the employee was told he could go back to work, but Dr. Thomas limited him to lifting only 15 to 20 pounds. The employee testified that because he was limited to carrying only 15 to 20 pounds his employment was terminated. The employee testified that the employer paid his medical expenses from Drs. Harrow, Keith, and Thomas, and that he is not getting billed for any medical expenses incurred during the time that he saw any of these doctors.
 "After the employee was terminated, he testified, he saw Dr. Wells, an orthopedic surgeon, without the permission of the employer. Dr. Wells referred the employee to Dr. Hackman, an neurosurgeon, again without the permission of the employer, and in turn Dr. Hackman referred the employee to Dr. Nasca, an orthopedic surgeon. The employee's first visit with Dr. Nasca was in February 1986; this visit was without the permission of the employer. Dr. Nasca admitted the employee into the hospital and performed fusion surgery on his back. Dr. Nasca testified that the employee returned to work as a mechanic after the first fusion but required another surgery in May 1988, due to the fact that the first surgery did not result in a solid fusion of the employee's back.
 "The record indicates that the employer paid for all authorized medical expenses incurred by the employee. The medical expenses that were not reimbursed resulted from the employee's visiting doctors who were not authorized by the employer. The employee testified that it would have been futile to ask for authorization, because, he said, a safety director of the employer told him that the employer had 'cleared [its] hands of any problems with [his] back'; therefore, the employee said, he proceeded to obtain unauthorized medical treatment. However, the record indicates that both the safety representative and the employer's corporate nurse testified that they made no such statement to the employee."
627 So.2d at 384.
The trial court found that the employee had sustained a lower back injury as a result of an accident in the course of his employment. It found that the employer had paid for certain authorized medical expenses, but held that it was not liable for unauthorized medical treatment. The court determined that the employee had suffered a 10% loss of ability to earn, and it awarded benefits accordingly. The court also found that the employee had been paid temporary total disability benefits for 10 weeks and 4 days spent recuperating from the authorized treatment, but that the employee was not entitled to temporary total disability benefits for the time he spent recuperating from the unauthorized surgeries. The Court of Civil Appeals affirmed the judgment of the trial court.
The first issue is whether the Court of Civil Appeals erred in affirming the trial court's holding that the employee was not entitled to temporary total disability benefits for the time that he spent recuperating from the unauthorized surgeries. Temporary total disability refers to "the healing period during which an employee is recovering and unable to work." Haywood v. Russell Corp., 611 So.2d 365, 367
(Ala.Civ.App. 1992). "It has *Page 388 
repeatedly been held that the 'time of temporary total disability' is the recovery period that lasts until maximum medical recovery is reached." Haywood, 611 So.2d at 367, citingEx parte DCH Regional Medical Center, 571 So.2d 1162
(Ala.Civ.App. 1990). Temporary total disability is ordinarily established by direct evidence of actual wage loss. DefenseOrdinance Corp. v. England, 52 Ala. App. 565, 295 So.2d 419
(1974);* § 25-5-57(a)(1), Ala. Code 1975.
The Court of Civil Appeals held in this case that the trial court did not err in limiting the employee's medical costs to those incurred for authorized treatments and, therefore, that it properly denied temporary total disability benefits for the periods of recovery following the unauthorized surgeries. We disagree. Nowhere in the Workers' Compensation Act is there a requirement that temporary disability be awarded solely for authorized surgeries. First, for an injury to be compensable under the Workers' Compensation Act, the employee must establish both legal and medical causation. Hammons v. RosesStores, Inc., 547 So.2d 883 (Ala.Civ.App. 1989). Once legal causation has been established, i.e., once it has been established that an accident arose out of and in the course of employment, medical causation must be established, i.e., that the accident caused the injury for which recovery is sought.Hammons. Second, the test for total disability is whether the employee is unable to perform his trade or to obtain reasonably gainful employment; the employee need not be absolutely helpless or be entirely physically disabled in order to obtain temporary total disability benefits. Price's Bar-B-Que, Inc. v.Carter, 541 So.2d 38 (Ala.Civ.App. 1989).
The employee now seeks recovery in the form of temporary total disability benefits for the back surgeries that were necessary due to the injury. It is undisputed that the employee's injury arose out of his work and in the course of his employment with the employer. It is also undisputed that the employee was unable to work while he was recuperating from the two back surgeries. Therefore, the employee is entitled to temporary total disability benefits from the periods when he was recuperating from the unauthorized surgeries.
The second issue is whether the Court of Civil Appeals erred by affirming the trial court's holding that the employer did not have to pay medical expenses for unauthorized surgeries.
Under Alabama's workers' compensation laws, unless there is an emergency the employee must notify his employer when he wishes to consult another physician. Ex parte Grantham,514 So.2d 1385 (Ala. 1987). In United States v. Bear Brothers,Inc., 355 So.2d 1133 (Ala.Civ.App. 1978), the Court of Civil Appeals set out exceptions for obtaining unauthorized, nonemergency treatment: (1) where the employer has neglected or refused to provide the necessary medical care; (2) where the employer has consented to the employee's choice of physicians; (3) where notice of and request for alternative care would be futile; and (4) where other circumstances exist to justify the selection of alternative care by the employee.
The Workers' Compensation Act clearly provides that an employer is not liable for medical or surgical treatment provided without notice to the employer or justification. The trial court found that no justification existed for the employee's failure to notify the employer. Appellate review in workers' compensation cases is a two-step process. Initially, the reviewing court will look to see if there is any legal evidence to support the trial court's findings; if it finds such evidence, it then determines whether any reasonable view of that evidence supports the trial court's judgment. Ex parteEastwood Foods, Inc., 575 So.2d 91 (Ala. 1991). A reasonable view of the evidence in *Page 389 
this case supports the trial court's finding that there was no notification and no justification to require the employer to pay for the unauthorized medical expenses.
The judgment of the Court of Civil Appeals is affirmed in part and reversed in part, and the cause is remanded for an order or proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES and ADAMS, JJ., concur.
* [Reporter of decisions' note: Although the opinion cited is styled Defense Ordinance Corp. v. England and the appellate record indicates that style, the correct style probably should have been Defense Ordnance Corp. v. England. The secretary of state's records indicate the January 19, 1971 incorporation of a company in Etowah County named "Defense Ordnance Corporation." The secretary of state's records show no incorporation under the name of "Defense Ordinance Corporation."]