YATES, Judge.
Virginia Buford sued Sonoco Fibre Drum to recover benefits under the Workmen’s Compensation Act of Alabama. Buford alleged that, as a result of her job-related activities, she suffered from bi-lateral carpal tunnel syndrome. Following an ore tenus proceeding, the trial court denied her recovery. Buford appeals.
We initially note that the standard of review in workmen’s compensation cases is two-pronged. This court must first look to see if there is any legal evidence to support the finding of the trial court. If such evidence is found, we then must determine whether any reasonable view of that evidence supports the trial court’s judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991).
We note that a trial was scheduled and was held on May 14,1992, wherein the trial court, after reviewing the evidence, advised Buford that she did not offer sufficient proof of medical causation. The trial court granted a 45-day continuance to allow Buford to produce evidence that would link her carpal tunnel syndrome to her work activities. After the second hearing, on June 29,1992, the trial court found that Buford failed to establish any medical testimony that would indicate medical causation. The only issue presented for our review is whether the trial court erred in finding that Buford failed to establish that her employment was the medical cause of her condition.
“For an injury to be compensable, the employee must establish both legal and medical causation. Once legal causation has been established, i.e., that an accident arose out of, and in the course of employment, medical causation must be established, i.e., that the accident caused the injury for which recovery is sought.”
*645 Hammons v. Roses Stores, Inc., 547 So.2d 883, 885 (Ala.Civ.App.1989). (Citation omitted.)
The record revealed the following background facts: Buford worked for Sonoco Fi-bre Drum from 1984 until January 21, 1991. She began working as a “slitter” operator and was later promoted to a “winder” operator. As a “slitter,” Buford would pick up fiberboard tubes and lay them on a slitter machine. She would hold one end while the tube circulated and was cut into two or more sections. She would then throw the scraps away and push the tube sections onto a conveyer belt. As a “winder,” Buford was required to reach up and grab a piece of liner and pull it down onto a drum.
In 1988, she began to experience discomfort in her right wrist. Dr. Milton Wallace, an orthopaedic surgeon, diagnosed Buford as having carpal tunnel syndrome and performed a “release” operation on Buford’s right wrist on September 8, 1988. Buford then returned to work.
In October 1990, she again experienced problems with her arms. Buford returned to Dr. Wallace’s office and was diagnosed and treated for tennis elbow and sent back to work.
In January 1991, Buford was treated by Dr. Curtis Harris, a plastic surgeon with a sub-specialty in hand surgery. Dr. Harris diagnosed carpal tunnel syndrome on both extremities. He recommended that Buford not return to work. She has not been employed since that time. In April 1991, Dr. Harris operated on Buford for recurring right carpal tunnel syndrome.
Dr. Harris’s testimony was solicited in two depositions. At deposition, Dr. Harris viewed a videotape portraying the operations of the “slitter” and “winder” machines on which Buford performed at Sonoco Fibre Drum. Dr. Harris did not have an opinion based upon a reasonable degree of medical certainty as to the cause of Buford’s carpal tunnel syndrome. He could only speculate that the activities he viewed in the videotape could cause Buford’s condition.
Dr. Milton Wallace testified in his deposition that after a review of the videotape of the “winder” and slitter operations, he was of the opinion that these activities would not contribute to carpal tunnel syndrome. Dr. William Rodgers Green testified in his deposition that, in his opinion, Buford’s carpal tunnel syndrome started with an automobile accident and was not related to her job activities at Sonoco Fibre Drum.
A careful review of the record reveals that Buford failed to produce any evidence that her condition was in fact caused by her work activities with Sonoco Fibre Drum. Accordingly, we find that there was legal evidence to support the finding of the trial court and that a reasonable view of such evidence supports the trial court’s judgment. Eastwood Foods, supra. This case is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.