THIGPEN, Judge.
This is a workmen’s compensation case.
Albert Malone filed suit in January 1992, alleging that he suffered a work-related injury while employed by Canteen Corporation (Canteen), resulting in a permanent partial loss of earning capacity. Canteen answered, admitting that Malone suffered a work-related injury, but denying that Malone sustained a loss of earning capacity.
The trial court, after an ore tenus proceeding, found that Malone had suffered a com-pensable injury and awarded additional temporary total disability benefits. The trial court found that Malone did not suffer a loss of earning capacity and that he was not entitled to permanent partial disability benefits. Malone appeals.
Malone contends on appeal that the trial court erred in finding that he sustained no loss of earning capacity as a result of the injury.
Reviewing workmen’s compensation cases is a two-step process. Initially, we look to see if there is any legal evidence to support the trial court’s findings. If such evidence is found, we must then determine whether any reasonable view of that evidence supports the trial court’s judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991). This standard is applicable only to the trial court’s findings of fact, not its conclusions of law. Ex parte Cash, 624 So.2d 576 (Ala.1993).
Malone contends on appeal that the trial court erred because it based its determination of his earning capacity on his limited work history, rather than his potential earning capacity. Ala.Code 1975, § 25-5-57(a)(3)g., states in relevant part:
“For all other cases of permanent partial disability not above enumerated, the compensation shall be 66| percent of the difference between the average weekly earnings of the workman at the time of the injury and the average weekly earnings he is able to earn in his partially disabled condition.”
(Emphasis added.)
The plain language in a statute is to be considered to mean what it says. Ex parte Madison County, Alabama, 406 So.2d 398 (Ala.1981). A workmen’s compensation claimant must present more than evidence of mere possibilities that serves only to “guess” employers into liability. Hammons v. Roses Stores, Inc., 547 So.2d 883 (Ala.Civ.App.1989). The plain language of Ala.Code 1975, § 25-5-57(a)(3)g., bases a compensation calculation on earnings “at the time of the injury.”
Malone testified that he graduated from high school in 1989, briefly attended college, *663 and began work at Canteen in May 1990 as a utility person. He testified that he slipped and fell in July 1990, and that, although he experienced pain in his back, he returned to work for approximately two months before the pain worsened. He ultimately saw Dr. Joseph N. Triplett, Jr., a neurological surgeon, who performed a partial hemilaminec-tomy in February 1991. Malone was unable to return to work for several weeks during his recuperation. His employment at Canteen was terminated in November 1990, for reasons unrelated to his injury. Upon being released to return to work, he did not reapply for work at Canteen, but worked part-time for his father’s janitorial service, and then at a hotel, for approximately the same hourly wages as prior to his injury.
Dr. Triplett testified by deposition that Malone had suffered a ten percent perma-. nent partial impairment to the body as a whole as a result of his injury. Anne Darnell, a rehabilitation consultant, testified that Malone had sustained a 33 to 37 percent loss of earning capacity. She further testified that her assignment of percentage of lost earning capacity was based on an assumption that Malone had not worked and earned money since the accident. Tom Clark, a vocation rehabilitation specialist, testified that Malone had sustained no loss of earning capacity.
The trial court, not the appellate court, determines the weight to be given to the evidence, and the trial court’s findings on conflicting testimony are conclusive where there is any evidence to support its conclusions. Blue Circle, Inc. v. Williams, 579 So.2d 630 (Ala.Civ.App.1991). Evidence exists to support the trial court’s findings, and a reasonable view of that evidence supports the trial court’s judgment. Eastwood Foods, supra.
The judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.