ROBERTSON, Presiding Judge.
Charles A. Davis filed suit against National Car Rental/Lend Lease (National), seeking relief under the Workmen’s Compensation Act of Alabama.
Following an ore tenus proceeding, the trial court allowed Davis to offer additional evidence. After all the evidence, by agreement of the parties, had been admitted, the trial court rendered a judgment, which contained, inter alia, the following findings:
“The parties stipulated in open Court that [Davis] was injured August 29, 1986.... The parties further stipulated that [Davis] was injured on the job and that his employer, [National], received notice of his injury. The parties further stipulated that both National and Davis were covered under the Workmen’s Compensation Laws of Alabama.
“The Court finds from the evidence that Davis has not worked for almost four years since the date of his injury, with the exception of a minimal job Davis received in March 1990.
“National had retained Dr. Mary House Kessler to make an evaluation of [Davis] as to his disability. On January 27,1988, Dr. Kessler filed a report with National, supported by a functional capacity assessment rating Davis at 73% permanent partial disability.
“Davis presented the testimony of Dr. Nancy Crumpton. Dr. Crumpton testified that she had examined the functional capacity assessment which was obtained by National and had also reviewed the report of Dr. Kessler and the medical limitations established by Dr. Bernard. Dr. Crump-ton testified that she had all of the necessary records and documents to make an evaluation of lost earning capacity of [Davis]. The evidence was that Dr. Crumpton in fact had certain medical records of Dr. Bernard demonstrating certain *723 medical limitations which Dr. Kessler did not have. The testimony by Dr. Nancy Crumpton was that Davis suffered a 100% total disability.
“The Court finds that [Davis], while acting in the line and scope of his employment, injured his back while moving various equipment and material belonging to [National].
“The Court finds from the evidence that [Davis] has minimal education, having only completed the seventh grade level. The Court finds that based upon his work experience, education, and limitations as determined by Dr. Bernard, and based upon the functional capacity assessment and the testimony of both Dr. Kessler and Dr. Crumpton, it is unrealistic to believe that [Davis] in his present condition is capable of obtaining employment in the competitive job market.
“The evidence was without dispute that all of [Davis’s] work experience was as a heavy duty mechanic, requiring heavy lifting, continual bending, and regularly performing duties which he can no longer physically perform.
“While the evidence was that Davis presently has a light duty job, which he obtained in March 1990, the job is of a protected nature and was in fact given to Davis because of friendship and cannot reasonably be found to be a job which [Davis] could expect to have if he was actively competing with others in the job market. The nature of the work is such that nothing is really performed by [Davis], There aye no physical requirements of Davis in this job, and the nature of the job is, more likely than not, temporary and of an unpredictable character, and [Davis’s] continued employment in this position is of a doubtful nature.
[[Image here]]
"... The Court finds that [Davis] ... is totally disabled from performing his trade and that he is realistically unable to obtain gainful employment in the competitive job market.
[[Image here]]
“The Court finds that Davis has suffered permanent total loss of his earning capacity....”
The trial court found that Charles A. Davis was permanently and totally disabled and awarded workmen’s compensation benefits accordingly.
National appeals, contending that the trial court erred by finding Davis permanently and totally disabled.
We recognize that our review of the trial court’s judgment in a workmen’s compensation case requires a two-step process. “Initially, the reviewing court will look to see if there is any legal evidence to support the trial court’s findings. If such evidence is found, then the reviewing court determines whether any reasonable view of that evidence supports the trial court’s judgment.” Ex parte Eastwood Foods, Inc., 575 So.2d 91, 93 (Ala.1991).
The trial court has the duty to determine the extent of disability and is free to consider all of the evidence, including its own observations, and interpret'it to its own best judgment. Genpak Corp. v. Gibson, 534 So.2d 312 (Ala.Civ.App.1988). Furthermore, the test for total disability is the inability to perform one’s trade or to obtain reasonably gainful employment. The employee is not required to be absolutely helpless or to suffer total physical disability. Price’s Bar-B-Que v. Carter, 541 So.2d 38 (Ala.Civ.App.1989).
After carefully reviewing the record, we find legal evidence which clearly supports the trial court’s findings, and we determine that a reasonable view of that evidence supports the trial court’s judgment. The trial court’s judgment is due to be affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.