MONROE, Judge.
Reginal L. Chamless sued his employer, Wal-Mart Stores, Inc., for workers’ compensation benefits. After a hearing, the trial court found that Chamless had aggravated a back injury or had reinjured his back in an on-the-job accident and awarded him temporary total disability benefits of $15,600. The trial court also ordered Wal-Mart to pay Chamless any future medical expenses that he might incur as a result of the back injury. Wal-Mart appeals.
The standard of review this court must apply in this case is derived from § 25-5-81(e)(1), Ala.Code 1975, which provides: “In reviewing the standard of proof set forth herein and other legal issues, review by the Court of Civil Appeals shall be without a presumption of correctness.” Furthermore, the Workers’ Compensation Act provides that “in reviewing pure findings of fact, the finding of the circuit court shall not be reversed if that finding is. supported by substantial evidence.” § 25-5-81(e)(2). The Alabama Supreme Court has defined “substantial evidence” as “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989); Ex parte Trinity Industries, Inc., 680 So.2d 262, 268 (Ala.1996).
*468 The evidence adduced at trial tended to show the following. On February 2, 1996, Chamless slipped and fell on some ice. He apparently fell more than once. There is no dispute that the February accidental fall or falls were not job related. Chamless complained of lower-back pain radiating into his right leg as a result of the fall. An MRI performed on February 9, 1996, showed that Chamless had “a fairly large disc protrusion at L4-5.” Chamless continued to experience back and leg pain and continued to seek treatment for that pain; he also continued to work. He eventually was referred to Dr. Evan Zeiger, who performed surgery on Chamless for his back pain on August 13, 1996. In his operative report, Dr. Zeiger noted that Chamless had been referred to him because of “recurrent right sciatica” that “occurred after a slip and fall on ice in 2/96.” In his complaint, filed October 17, 1996, Chamless claimed he was seeking workers’ compensation benefits for a back injury he said he sustained on May 20, 1996, while trying to stop a shoplifter at the store where he was employed.[1] At trial, Chamless testified that he suffered low back and leg pain as a result ■ of the May injury. Even though he had been complaining of back and leg pain since the February injury, he said the pain he experienced after the May injury was different from the pain experienced after the February injury.
At trial, Chamless said he suffered a second on-the-job injury at Wal-Mart. He testified that he injured his back in June or July 1996 while he was helping to load a swimming pool onto a truck. There is no mention of this accident in Chamless’s complaint for workers’ compensation benefits. In reviewing Chamless’s medical records, including the records concerning his August 13, 1996, surgery, we could find no mention of an accident that occurred in June or July.
The trial court found that Chamless had aggravated or reinjured his back in an accident on July 1, 1996, and that Wal-Mart “was aware immediately” of the work-related accident. The trial court found that, “As a result of this [July] accident, the employee underwent subsequent back surgery on August 13, 1996, and was unable to work for a period of (4) weeks while recuperating from surgery.” Chamless also was unable to work from November 24, 1996, until April 14, 1997, when he reached maximum medical recovery. Based on its findings of fact, the trial court held that Chamless was entitled to temporary total benefits for the time he was unable to work.
Wal-Mart contends that the trial court erred in finding Chamless had suffered an injury arising out of and in the course of his employment. It also argues that Chamless failed to present substantial evidence that his back injury was related to an on-the-job accident. Although Wal-Mart seems to blur the distinction between legal causation and medical causation, its argument is well taken.
To recover workers’ compensation benefits, a claimant must prove legal causation, i.e., he must show that an accident arose out of and in the course of his employment. § 26-5-31, Ala.Code 1975; Grider v. McKenzie, 659 So.2d 612 (Ala. Civ.App.1994). Once legal causation is proved, the claimant must establish that the accident caused the injury for which recovery is sought. Ex parte Moncrief, 627 So.2d 385, 388 (Ala.1993). We realize that the Workers’ Compensation Act is to be liberally construed to accomplish its beneficent purposes and that doubts must be resolved in favor of the employee. Scott Paper Co. v. Smith, 600 So.2d 269 (Ala.Civ.App.1992).
We understand the difficulty a trial court faces when an employee is obviously *469 suffering from physical discomfort, especially when the employee is the only witness to give ore tenus evidence regarding how he received his injury. However, even if we were to conclude that Chamless did aggravate or reinjure his back in a work-related accident in July 1996, i.e., even if Chamless could prove legal causation, we can find no evidence in the record to support a finding that that accident resulted in an injury requiring the August 13 surgery. Nothing in the record suggests that the alleged July accident prompted or hastened the surgery.
Instead, the medical records show that the surgery was a result of the back injury Chamless received in the February accident in which he slipped on the ice. Nothing in the record indicates that Chamless even told his doctors about the July accident. To assume that the July accident caused an injury resulting in surgery would be mere speculation or conjecture. The record simply does not support a finding that the July accident caused the injury that led to the disability for which benefits were awarded. Therefore, we must hold that the trial court erred in awarding workers’ compensation benefits to Chamless.
Because we hold that the trial court erred in awarding benefits, based on Chamless’s failure to prove medical causation, we need not address the issue whether he provided Wal-Mart with notice of the alleged July accident. The judgment is reversed and the cause is remanded for the trial court to enter a judgment consistent with this opinion.
Chamless’s request for an attorney fee on appeal is denied.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ., concur.

. We note, however, that on April 24, 1996, Dr. Stanford Faulkner, one of Chamless's treating physicians, wrote that Chamless had been complaining of low back and leg pain since falling on the ice in February. He also noted on that day that Chamless "had numbness and weakness in his right leg, especially since trying to apprehend a shoplifter at work at Wal-Mart.”