THOMPSON, Judge,
concurring in part and dissenting in part.
I concur except to the extent the award of workers’ compensation benefits is based on an injury to the worker’s left knee. I disagree with the majority’s determination that Jackson’s injury to his left knee was compensable. I do not find substantial evidence in the record to support a finding that Jackson suffered trauma to his left knee in the June 25,1993, accident.
In order to prove that an injury is compensable under the Workers’ Com *512 pensation Act, a claimant must prove by substantial evidence that an on-the-job accident caused the injury. § 25-5-31, Ala. Code 1975; Ex parte Moncrief, 627 So.2d 385, 388 (Ala.1993). Idiopathic factors, i.e., factors peculiar to the individual or relating to an employee’s preexisting physical infirmity, are not compensable under the Act. See, e.g., Ex parte Patterson, 561 So.2d 236, 239 (Ala.1990); Brownfield v. Revco D.S., Inc., 612 So.2d 1203, 1207 (Ala.Civ.App.1992).
The record is devoid of any evidence, save Jackson’s own testimony, which was recorded in a transcript during trial proceedings before the initial trial court judge, indicating that Jackson injured his left knee in the 1993 on-the-job accident that made the basis for this complaint. The emergency-room records indicate that, when Jackson was initially examined after the accident, he complained of pain in his right side and in his right knee and ankle; a severe headache; and pain in his left shoulder and arm. There is no indication in the emergency-room records that Jackson sustained any trauma to his left knee in the accident. Three days after the accident, when Jackson was examined by Dr. Michael Grabowski at St. Vincent’s Occupational Health Clinic, the medical records reflect no indication that Jackson complained of pain in his left knee. On that visit, Jackson complained to Dr. Grabowski that he had injured his right knee and explained that he had hit the back of his head in his fall at work.
In April 1994, 10 months after the job-related accident, Jackson sought treatment from Dr. Rush Mclnnis, complaining that his left knee had been “giving away more with work.” In the history he gave to Dr. Mclnnis, Jackson did not relate his symptoms to the June 25, 1993, accident. Instead, Dr. Mclnnis’s office notes indicate that Jackson reported having undergone surgery on his left knee in 1981 and having had a load of cargo fall on his left leg in February 1992. Further, after Dr. Mcln-nis referred Jackson to Dr. David Lindsay to be evaluated for surgery, Dr. Lindsay’s office notes contain no documentation to correlate Jackson’s left-knee symptoms to the June 25,1993, accident.
Jackson had suffered direct injuries to his left knee in prior accidents. The evidence indicates that Jackson injured his left knee in an automobile accident in 1987 and that a load of cargo was dropped on his left leg in 1992. In his deposition testimony, Dr. David Lindsay described Jackson’s problems with his left knee as the consequence of progressive degenerative changes that stemmed from some initial traumatic injury.
The case relied upon by the trial court and by the majority, Ex parte Lewis, 469 So.2d 599 (Ala.1985), provides that an injury is compensable under the Act if a worker aggravates a preexisting condition in a work-related accident. However, I find no evidence in the record, other than Jackson’s testimony, to support a finding that he suffered trauma to his left knee in the June 25, 1993, accident at work. “In workers’ compensation cases, an employee must present ‘more than evidence of mere possibilities such as would simply serve to “guess” the employer into liability.’ ” Blue Water Catfish, Inc. v. Hall, 667 So.2d 110, 115 (Ala.Civ.App.1995) (Crawley, J., concurring specially)(quoting Eddy v. Dunlop Tire & Rubber Corp., 516 So.2d 709, 711 (Ala.Civ.App.1987)). See also, Wal-Mart Stores, Inc. v. Chamless, 737 So.2d 467 (Ala.Civ.App.1999).
The trial court did not conduct ore tenus proceedings. The trial court reached its determination after reviewing the pleadings, deposition transcripts, exhibits, and briefs of the parties. Therefore it is the province of this court, upon review, to “sit in judgment on the evidence.” Hendrix v. Jelusich, 679 So.2d 1062, 1064 (Ala.Civ.App.1995). I empathize with the trial court, given the difficulties it experiences when faced with' an action in which an employee has had a work-related accident and has subsequently developed genuine health problems. However, because I do *513 not find substantial evidence in the record to indicate that the problems Jackson experienced with his left knee were ever attributed to the June 25, 1993, accident, I must dissent from that portion of the majority opinion affirming an award of benefits based on an injury to his left knee.