Earnest Thomas (employee) sustained a work-related injury in October 1983, while employed by Southern Prestressed Concrete, Inc. (employer). The employee brought suit for workmen's compensation benefits in October 1984. After hearing the evidence, the trial court found employee totally and permanently disabled, entitling him to receive workmen's compensation benefits based on such total permanent disability. The employee's attorney was awarded a fee of fifteen percent of the compensation benefits. The trial court ordered the attorney's fees paid in a lump sum to be deducted by the employer from the back end of the compensation benefits. The employer moved for an order altering, amending or vacating the court's judgment, or, in the alternative, for a new trial. The motion was denied. Southern Prestressed Concrete appeals.
The issues on appeal are: (1) whether any legal evidence exists to support the trial court's decision to award total permanent benefits to the employee and, (2) whether the trial court exercised sound discretion when it awarded the employee's attorney a fee of fifteen percent of the compensation benefits.
It is well settled in this state that total permanent disability is the inability to obtain gainful employment or the inability to perform one's trade. Total disability does not mean absolute helplessness or entire physical disability.Bankhead Forest Industries, Inc. v. Lovett, 423 So.2d 899
(Ala.Civ.App. 1982); Den-Tal-Eze Manufacturing Co. v. Gosa,388 So.2d 1006 (Ala.Civ.App. 1980). We also note that it is the duty of the trial court to look to the entire evidence and to its own observations in determining the extent of disability.Blue Bell, Inc. v. Nichols, 479 So.2d 1264 (Ala.Civ.App. 1985). Our standard of review in *Page 774 
workmen's compensation cases is limited to a determination of whether there is any legal evidence to support the trial court's findings of fact. Floyd v. Housing Authority,397 So.2d 136 (Ala.Civ.App. 1981). If there is any legal evidence to support the trial court's findings, we must affirm. Alatex,Inc. v. Couch, 449 So.2d 1254 (Ala.Civ.App. 1984). The weight of the evidence before the trial court is not before this court on appeal. Bankhead Forest Industries, Inc. v. Lovett, supra.
We opine that there is legal evidence to support the trial court's finding of total permanent disability. The evidence reveals that the employee is fifty-one years of age and has a ninth-grade education. He has worked all of his life as a truck driver, which entails heavy manual labor. He has no particular training or skills other than that of a truck driver. The employee testified that he is in constant pain and has trouble walking. He also stated that he can no longer drive an automobile or perform his chores around the house, such as gardening and mowing the lawn. His wife testified in his support to the same effect. Both attending physicians testified that the employee had a herniated disk in his neck and a herniated disk in his lower back. One of the physicians testified that the employee should avoid heavy lifting, twisting, prolonged standing, sitting or walking, and that it would not be advisable for the employee to drive an eighteen wheeler, as this would aggravate his condition. There was some conflicting evidence in the record concerning the injury to the employee's lower back. Once again, we note that the weight of the evidence is for the trial court's determination. BankheadForest Industries, Inc. v. Lovett, supra.
Section 25-5-90, Code of Alabama 1975, states:
 "No part of the compensation payable under this article shall be paid to attorneys for the plaintiff for legal services unless, upon the application of the plaintiff to a judge of the circuit court, such judge shall order or approve of the employment of an attorney by the plaintiff, and in such event the judge, upon the hearing of the complaint for compensation, shall fix the fee of the attorney for the plaintiff for his legal services and the manner of its payment, but such fee shall not exceed fifteen percent of the compensation awarded or paid."
This court has construed this language to mean that the determination of the manner of payment of attorney's fees in workmen's compensation cases is within the sound discretion of the trial court. Fruehauf Corporation v. Keenum, 466 So.2d 137
(Ala.Civ.App. 1984); Ashland Chemical Co. v. Watkins,435 So.2d 1301 (Ala.Civ.App. 1983). There is no requirement in this statute that the record contain competent evidence upon which the court can make a determination of a reasonable fee. The trial court awarded an attorney's fee of fifteen percent of the award to the employee. This award is within the maximum allowed by statute. An award of fifteen percent of the compensation for a permanent total disability may appear excessive when given in a lump sum. The fifteen percent attorney fee allowed by the statute also appears large because the compensation for permanent total disability is not now limited to a number of weeks as formerly, but continues for the lifetime of the injured worker. However, it appears to this court that a requirement of providing proof of reasonableness of a fee of less than fifteen percent to be engrafted onto the statute is a legislative rather than a judicial matter. We find no abuse of the trial court's discretion.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur. *Page 775