Emily Gibson (employee) sustained a work-related injury in August 1986, while employed by Genpak Corporation (employer). The employee brought suit for workmen's compensation benefits in March 1987. After hearing the evidence, the trial court found the employee totally and permanently disabled. The trial court ordered the employer to specifically pay $305 to Dr. Jackson Bostwick for services rendered to the employee. The employee's attorney was awarded fifteen percent of the compensation benefits. The trial court ordered the attorney's fee paid in a lump sum to be deducted by the employer from the back end of the compensation benefits. The employer filed a motion for reconsideration. The motion was denied. The employer appeals.
 I
The employer contends that the award of the attorney's fee in this instance should be reversed and remanded for proper calculation pursuant to the recent Alabama Supreme Court decision in Ex parte St. Regis Corp., 535 So.2d 160
(Ala. 1988).
In St. Regis the supreme court found that the trial court must reduce the periodic monthly payments to the injured employee to present value when exercising its discretion to order payment of a lump-sum attorney's fee. Here, the trial court ordered that the employee's attorney "be awarded an attorney's fee in the amount of 15% of the award . . . and that same be paid in a lump sum up front and be deducted by the employer from the back-end of compensation benefits, pursuant to the authority of Lawler MobileHomes, Inc. v. Hinkle, 459 So.2d 903 (Ala.Civ.App. 1984). In computing the attorney's fee, the parties are directed to consult the American Mortality Tables. . . ."Lawler Mobile Homes, and other cases of the same nature, were expressly overruled by the supreme court inEx parte St. Regis.
As this case was in the "pipe line" without a vested judgment at the time of the decision in St. Regis, we consider it appropriate that St. Regis be applied here. Therefore, the judgment below as to the award of attorney fees is reversed and the case is remanded for proper determination of attorney fees according to the formula set out in St. Regis, including the provisions of footnote (3).
 II
The employer submits that the trial court erred in deciding that the employee was entitled to reimbursement for her treatment received from Dr. Bostwick. The employer asserts that the employee did not obtain authorization from it before being treated by Dr. Bostwick and, therefore, failed to comply with § 25-5-77(a), Ala. Code (1975) (1986 Repl.Vol.). Section 25-5-77(a) provides that the employer is not liable for medical or surgical treatment obtained by the employee without justification or notice to the employer.Allen v. Diversified Products, 453 So.2d 1063
(Ala.Civ.App. 1984).
Our standard of review in workmen's compensation cases is strictly limited to questions of law and to the determination of whether there is any legal evidence to support the trial court's findings of fact. Blue Bell, Inc. v.Nichols, 479 So.2d 1264 (Ala.Civ.App. 1985). Where the testimony is conflicting, the trial court's findings are conclusive. Suit v. Hudson Metals, Inc.,414 So.2d 115 (Ala.Civ.App. 1982).
The record reflects that Dr. Frank Gogan, the employer's physician and a general practitioner, admitted the employee into the hospital for the purpose of performing a myelogram. At the time of admittance the employer had given the employee the names of three doctors available to perform *Page 314 
the myelogram; one was in Germany; another was in Hawaii; and the last one did not have privileges at the admitting hospital. Dr. Bostwick testified that "there was some mixup between Dr. Gogan and the insurance company and whether I should even do a myelogram. But anyway Dr. Gogan went along and agreed that we should go ahead with the myelogram." The employee testified that the employer approved the myelogram by Dr. Bostwick. However, she later contradicted this by stating that her personal insurance carrier would cover the expense of the myelogram performed by Dr. Bostwick. The record reflects that Dr. Gogan and the employee's attorney were both notified by the employer, prior to the employee's admittance, that any services rendered by Dr. Bostwick would not be acceptable.
Since Dr. Gogan, the employer's physician, admitted the employee into the hospital and subsequently requested Dr. Bostwick to perform the myelogram, we have no difficulty in determining that the myelogram performed by Dr. Bostwick was authorized. Jasper Community Hospital, Inc. v. Hyde,419 So.2d 594 (Ala.Civ.App. 1982); Blue Bell,Inc., 479 So.2d at 1267. We find that there was legal evidence, though disputed, to support the trial court's finding.
 III
The employer argues that the employee refused to submit to medical treatment from November 12, 1986, to April 14, 1987; therefore, pursuant to § 25-5-77(b), Ala. Code (1975), the employee was not entitled to receive any workmen's compensation benefits for that period of time.
Section 25-5-77(b) provides in pertinent part the following:
 "If the injured employee refuses to comply with any reasonable request for examination, . . . his right to compensation shall be suspended and no compensation shall be payable for the period of such refusal."
We have reviewed the record and find that there is no evidence to support the employer's argument. In fact, the evidence suggests that the employee never rejected a request by the employer for examination. The record reflects that, subsequent to the injury, the employee was advised by the employer to report to the emergency room. While at the emergency room, the employee was advised to see Dr. McGuire for follow-up care. Dr. McGuire then referred the employee to Dr. Gogan. Dr. Gogan subsequently requested Dr. Bostwick to perform a myelogram. The employee also consulted with Dr. Hackman, a doctor of the employer's choosing.
The evidence supports the trial court's findings.
 IV
The employer argues that the trial court erred in finding the employee to be permanently and totally disabled.
The test for permanent total disability is the inability to perform one's trade or to obtain reasonably gainful employment. Total disability does not mean entire physical disability or absolute helplessness. Southern PrestressedConcrete, Inc. v. Thomas, 485 So.2d 772 (Ala.Civ.App. 1986). It is the duty of the trial court to make some determination as to the extent of disability. The trial court is not bound by expert medical testimony. In making the determination, the trial court must consider all the evidence, including its own observations, and interpret it to its own best judgment. Edgewood Service Center v.Hogan, 440 So.2d 1076 (Ala.Civ.App. 1983).
The record contains conflicting evidence concerning the degree of the employee's disability. The evidence reveals that the employee is thirty years of age and has a high school diploma with three quarters of college credits. She has never had a white collar job. She has no particular training or skills other than that of a nurse's aid. She testified that she could no longer do that work because of the lifting involved. The evidence reflects that she knows of no work that she could presently do. She is in constant pain and cannot perform any household duties. She stated that she *Page 315 
wears a back brace and takes pain medication. She cannot stand or sit for long periods of time, and she can no longer perform any of her normal activities. The employee has seen several doctors for diagnosis and treatment, some at the request of the employer. Dr. Bostwick testified that the employee has suffered two defects in her lower lumbar spine. He advised the employee not to return to the same type of work. Similarly, he advised the employer that the employee should be continued on medical leave for an indeterminate period of time.
The employer argues that evidence was presented to the effect that the employee could work and that she should only avoid heavy manual labor. The weight of the evidence is for the trial court's determination. Southern PrestressedConcrete, Inc., 485 So.2d 772. There is evidence in the record that because of pain the employee is unable to seek gainful employment or even do menial tasks around her home. Therefore, we have no authority to disturb the trial court's finding of permanent disability.
The foregoing opinion was prepared by Retired Appellate Judge L. Charles Wright while serving on active duty status as a judge of this court under the provisions of §12-18-10(e) of the Code of Alabama of 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART WITH INSTRUCTIONS.
BRADLEY, P.J., and HOLMES, J., concur.
INGRAM, J., concurs in part and dissents in part.