RUSSELL, Judge.
This is a workmen’s compensation case.
After an ore tenus hearing, the trial judge concluded that the employee suffered a work-related injury in the course of her employment.
The employer appeals. We affirm.
The sole'issue presented is whether there was sufficient evidence to support the trial court’s conclusion that medical causation exists. The employer asserts that such causation can only be established by the testimony of doctors.
Initially, we note that the standard of review in workmen’s compensation cases is limited to a determination of whether there is any evidence to support the trial court’s findings of fact. Southern Prestressed Concrete, Inc. v. Thomas, 485 So.2d 772 (Ala.Civ.App.1986). If there is any legal evidence to support the trial court’s findings, we must affirm. Washington v. Warrior Tractor & Equipment Co., 487 So.2d 1371 (Ala.Civ.App.1986).
Additionally, we note that the supreme court has recently addressed the issue of medical causation in Ex parte Price, [Ms. 87-1457, Feb. 17, 1989] (Ala.1989), where it held that testimony by doctors is not a prerequisite to a finding of compensable disability in every case. Rather, the totality of evidence, including both lay and expert testimony, may satisfy a showing of medical causation without an expert’s employing any requisite language.
Here, the employee testified that she was injured by inhaling ammonia found in a cleaning agent she used in her employment. As a result, she sought emergency and continuing medical treatment. Moreover, her physician testified that the employee’s injury “may indeed have been related to exposure” to ammonia and that such exposure “certainly” could have caused her injury.
We find such testimony to be sufficient evidence to support the trial court’s finding *1020 of medical causation. Therefore, this case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J„ concur.