RUSSELL, Judge.
This is a workmen’s compensation case.
Genette K. McGough (employee) filed a complaint against Arvin Industries, Inc. (employer), seeking workmen’s compensation benefits for an on-the-job injury she sustained in May 1986. The circuit court entered an order in favor of the employer on February 14, 1990, finding that the employee had received from the employer all temporary total benefits due her.
The employee appeals. We affirm.
On appeal, the employee asserts that the circuit court erred in failing to find that her injuries were permanent in nature. She further asserts that the circuit court’s findings of fact and conclusions of law failed to comply with the mandate of § 25-5-88, Ala.Code 1975.
Initially, we note that this court’s review of a judgment in a workmen’s compensation case is limited to a determination of whether there is any legal evidence to support the trial court’s conclusions. Lewis G. Reed & Sons, Inc. v. Wimbley, 533 So.2d 628 (Ala.Civ.App.1988). If, however, a reasonable view of the evidence supports the findings of the trial court, this court may then determine whether the correct legal conclusions have been drawn therefrom. Ex parte Patterson, 561 So.2d 236 (Ala.1990).
Additionally, this court has held that permanent total disability is the inability to perform one’s trade or to obtain reasonably gainful employment. Bankhead Forest Industries, Inc. v. Lovett, 423 So.2d 899 (Ala.Civ.App.1982).
Finally, we note that it is the duty of the trial court to review the entire evidence, as well as to look to its own observations, in determining the extent of disability. Blue Bell, Inc. v. Nichols, 479 So.2d 1264 (Ala.Civ.App.1985).
After carefully reviewing the record, we find that a reasonable view of the evidence supports the circuit court’s determination that the employee was not permanently disabled as a result of her injuries.
*412 In its order, the circuit court stated that it based its finding on the testimony of various physicians who attended the employee subsequent to her accident. Dr. Fernandez, a neurosurgeon, testified that there were no objective findings which supported the employee’s complaints of pain in her lower back. Furthermore, he stated that, in his opinion, the employee was not permanently disabled and, in addition, “that she was not too tolerant to pain.”
Furthermore, Dr. Alldredge testified that he was unable to determine the cause of the employee’s pain and that, consequently, he was unable to express any opinion as to the future ability of the employee to work.
Although there was testimony adduced at trial by a vocational expert that, in his opinion, the employee was permanently disabled, he further stated that his evaluation was based on the employee’s complaints of pain. Because the circuit court concluded that the testimony did not support the employee's reports of pain, it was free to evaluate the weight of such testimony and to conclude, as it did, that the employee was not permanently disabled. Blue Bell, Inc., 479 So.2d 1264. Therefore, we affirm the judgment of the circuit court.
Finally, the employee contends that the circuit court’s order failed to comply with the mandate of § 25-5-88, Ala.Code 1975, which requires that following a hearing, the determination of the circuit court in a workmen’s compensation case “shall be filed in writing” and “shall contain a statement of the law and facts and conclusions.”
The employee argues that, in its order, the circuit court erroneously attributed testimony to Dr. Claude Peacock, who did not testify at trial. However, our review of the record reveals that, while the circuit court did misstate the name of the physician who gave such testimony, it did not misstate the substance of that testimony. Such error is not so “unresponsive to the issues” as to warrant reversal. Benefield v. Goodwill Industries of Mobile, 473 So.2d 505, 506 (Ala.Civ.App.1985).
Moreover, the circuit court set forth a detailed explanation of the evidentiary basis on which it concluded that the employee was not permanently disabled.
Consequently, we find that the order of the circuit court does “substantially comply” with the mandate of § 25-5-88. Id. This case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.