This is a workmen's compensation case.
Barbara J. Smith filed an action against Scott Paper Company (Scott) alleging that she suffered permanent, total disability resulting from a back injury she incurred while working for Scott. Scott argued that Smith had a preexisting condition which combined with the back injury to cause her disability, and therefore, Scott was not liable for permanent, total disability. Following presentation of the evidence ore tenus, the trial court entered an extensive order detailing comprehensive findings of facts, conclusions of law, and the judgment of the trial court. The trial court's order details the evidentiary basis of its conclusion that Smith was permanently, totally disabled. The trial court determined that Smith suffered permanent, total disability and loss of earning capacity as a result of the back injury, and ordered compensation accordingly. Scott appeals.
The dispositive issue is whether the trial court erred in determining that Smith suffered permanent, total disability as a result of the back injury.
It is Scott's position that the preexisting condition contributed to the total disability finding, and that Scott is responsible "only for the disability which would have resulted in the absence of the condition or infirmity." Scott contends that the facts of this case fall squarely within the statute governing preexisting conditions, Ala. Code 1975, § 25-5-58, and that the trial court "made an error of law" when it failed to apply that statute. Scott argues that because the facts are undisputed and the trial court made an error of law, "no deference is due the trial court's decision." Scott also argues that regardless of the low back injury that Smith suffered, her unrelated preexisting condition would have become disabling. Scott contends that it was an error of law for the trial court to combine the unrelated disabilities to find Smith permanently, totally disabled.
The standard for appellate review in a workmen's compensation case is a two-step process. First, the reviewing court looks to see if there is any legal evidence to support the trial court's findings; and if such evidence is found, then the reviewing court next determines whether any reasonable view of that evidence supports the trial court's judgment. Ex parte EastwoodFoods, Inc., 575 So.2d 91 (Ala. 1991).
In the instant case, there is testimony from Smith and two vocational experts, as well as medical evidence regarding Smith's back injury and employability. By deposition and evaluation forms, Dr. William A. Crotwell, III, Smith's treating orthopedic surgeon, testified that he severely restricted Smith, based solely on her back injury, to only a few hours a day of very sedentary activity, and did not return her to her former job. Dr. Robert L. White, a neurosurgeon who worked with Dr. Crotwell in treating Smith, testified that he agreed with Dr. Crotwell that Smith was unable to return to work since the back injury. One vocational expert testified that Smith might be able to perform light clerical duties within her physical restrictions. Dr. Joseph G. Law, Jr., another vocational expert, testified that factoring out any existing problems Smith might have had prior to the back injury, Smith was unable to work *Page 271 
because of the back condition alone. Dr. Law attempted to match Smith's work restrictions due to her back injury with jobs, and testified that "There were no matches in her case." That testimony supports a finding of permanent, total disability based only on the back injury, regardless of any preexisting conditions.
Workmen's compensation statutes must be liberally construed to accomplish their beneficent purposes, and doubts must be resolved in favor of the employee. Riley v. Perkins, 282 Ala. 629, 213 So.2d 796 (1968). It is the duty of the trial court to determine the extent of the disability; however, the trial court "must consider all the evidence, including its own observations, and interpret it to its own best judgment."Genpak Corp. v. Gibson, 534 So.2d 312, 314 (Ala.Civ.App. 1988). Permanent, total disability is the inability to perform work of one's trade or the inability to obtain reasonably gainful employment and does not mean absolute helplessness.Blue Circle, Inc. v. Williams, 579 So.2d 630 (Ala.Civ.App. 1991); McGough v. Arvin Industries, Inc., 569 So.2d 410
(Ala.Civ.App. 1990).
Scott argues that Smith's preexisting condition combined with the back injury to result in permanent, total disability. The law is clear that if an employee was able to perform his/her work prior to the time of the subject injury, then no preexisting condition was present for compensation purposes.Blue Circle, supra. The record reveals that Smith suffered carpal tunnel syndrome and pain in her neck from a previous injury she suffered while working for Scott; however, the record is silent regarding how, if at all, this preexisting condition affected her ability to perform her duties for Scott. In fact, there is evidence that she continued to perform her duties for Scott until the occasion of the instant injury.
In our careful and thorough review of the entire record in this case, particularly the testimonies and depositions of the experts, we find ample evidence supporting the trial court's finding of permanent total disability and loss of ability to earn based solely on the back injury. A reasonable view of that evidence supports the trial court's judgment awarding compensation for such. The evidence supports the trial court's finding of permanent total disability considering only the back injury, and the evidence is that although Smith may have suffered a preexisting condition, she continued to perform the duties of her work until the occasion of this back injury. There is no justification, therefore, for further discussion of the facts in this case. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.