THIGPEN, Judge.
This is a workmen’s compensation case.
Wanda Faye Whitten filed an action against Bama Textile, Inc. (Bama), alleging that she suffered a compensable injury while employed with Bama. She sought benefits for permanent, total disability. The parties ultimately agreed to a number of facts, including Whitten’s employment with Bama, her salary, and certain expenses that were paid by Bama. After considering the pleadings, the stipulations, and testimony, the trial court found Whit-ten to be totally, permanently disabled, which resulted in Whitten’s permanent and total loss of ability to earn. Benefits were awarded accordingly. Bama’s post-trial motion was denied. Hence, this appeal.
The dispositive issue is whether the trial court erred in finding Whitten totally and permanently disabled and awarding benefits accordingly.
The standard of review in a workmen’s compensation case is a two-step process. First, the reviewing court must look to see if there is any legal evidence to support the trial court’s findings; and if such evidence is found, then the reviewing court must next determine whether any reasonable view of that evidence supports the trial court’s judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991).
Bama correctly asserts that permanent, total disability is the inability to perform one’s trade or the inability to obtain reasonably gainful employment. Blue Circle, Inc. v. Williams, 579 So.2d 630 (Ala.Civ.App.1991); McGough v. Arvin Industries, Inc., 569 So.2d 410 (Ala.Civ.App.1990). Permanent, total disability, however, does not mean absolute helplessness, and it is the duty of the trial court to determine the extent of the disability. Genpak Corp. v. Gibson, 534 So.2d 312 (Ala.Civ.App.1988).
Bama acknowledges that Whitten is due some compensation for some degree of disability but contends that there is no evidence in the record to support the trial court’s finding that Whitten is totally and permanently disabled. It is Bama’s position that the trial court completely disregarded undisputed testimony from three experts that Whitten is able to work and there are available jobs in the area which she could perform.
There is ample evidence in the record regarding Whitten’s injury and condition. *1189 Dr. Boyde Harrison, who treated Whitten following the injury, testified that Whitten suffered a degenerative disc disease which could be trauma-induced. The deposition testimony of Dr. Clarence Watridge, a neurological surgeon who treated Whitten, was consistent with Dr. Harrison’s testimony regarding trauma-induced degenerative disc disease and pain. Patsy V. Bramlett, a rehabilitation counselor, testified regarding the disability and employability of Whitten.
Numerous medical reports and forms, which were before the trial court, are also contained in the record. This evidence indicates that Whitten’s degenerative disc disease may have existed prior to the injury but did not affect her ability to perform her work with Bama. The evidence from medical experts suggests that the trauma of the injury Whitten suffered while working for Bama rendered Whitten permanently, physically disabled to the extent that she cannot sit or stand for lengthy periods of time, has limited lifting ability, cannot perform jobs that require stooping or climbing, and suffers chronic mechanical pain. Other evidence shows that Whitten has very little formal education, she tested in the low average range of intelligence, she has very limited employment history and training, and she is not a good candidate for rehabilitation in the form of training for new job skills or for further educational training. There is evidence in the record that Whit-ten cannot perform menial chores around her home without experiencing pain.
We are not persuaded by Bama’s argument that the trial court completely disregarded the testimony of experts. The record unquestionably shows otherwise. The law is clear that a trial court is not bound by expert medical testimony but is free to consider all of the evidence, including its own observations, and interpret it to its own best judgment. Genpak, supra.
In our careful and thorough review of the entire record in this case, particularly the testimonies and depositions of the experts, we find ample evidence supporting the trial court’s findings, including the finding of permanent, total disability. A reasonable view of that evidence supports the trial court’s judgment. Accordingly, the judgment of the trial court is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., concurs.
RUSSELL, J., dissents.