L. CHARLES WRIGHT, Retired Appellate Judge.
Ronnie Howard filed a complaint for workmen’s compensation benefits in the Circuit Court of Mobile County against Townsend and Holcombe Painting Company, alleging that he was owed benefits for a work-related injury. Following oral proceedings, the trial court found Howard to be totally and permanently disabled. Townsend appeals.
The parties stipulated that Howard injured his back while in the scope of his employment. The sole issue for our consideration is whether the trial court erred in finding Howard to be totally and permanently disabled.
The record reflects that Howard was employed by Townsend as a painter. At the time of the injury he was 38 years old and had worked for Townsend for 12 years. He has a ninth grade education with a “borderline” I.Q. of 70. His prior work history consists of 20 years of painting.
Howard testified that he has been in constant pain since the accident and that he has been hospitalized three times. He testified that he could not sleep because of the pain and that he could not walk or sit for extended periods of time without discomfort. He takes numerous types of drugs in an attempt to control the pain. He testified that he was an avid hunter and fisherman but that he could no longer enjoy those activities.
Howard was examined by Dr. Robert White, a neurosurgeon. Following various tests, White diagnosed Howard as having a disc herniation at the L-4, L-5 level. Dr. White and Dr. William Crotwell, an orthopedic surgeon, performed surgery to remove the herniated disk. Dr. White found that Howard had reached maximum medical improvement in March 1991. At that time he gave him a permanent physical disability rating of 20 percent. He restricted Howard’s movements and recommended that Howard return only to light or sedentary work activities. He recommended that Howard drive only 50 to 60 minutes at a time.
Dr. Crotwell found Howard to be maximum medically improved in May 1991 and assessed a 20% permanent physical disability rating. He recommended that Howard do no bending, climbing, etc. He felt that *1093 Howard’s condition limited him to sedentary type work.
James Cowart, a vocational expert, testified that in his opinion Howard was 100% unemployable. His opinion was based on medical testimony, Howard’s past employment, Howard’s educational and intellectual level, and the unemployment rate in Clarke County and the surrounding area.
Marlene Williams, a vocational expert, testified that in her opinion Howard suffered a vocational access loss of 86%. This was based on the fact that he had 46% of the jobs available to him prior to the accident and only 6% of the jobs available to him after the accident. Williams concluded, however, that Howard has only realized a 65.6% vocational disability loss. Her conclusion was based on Howard’s earning a post-average weekly wage if he were able to secure employment. She stated that due to his inability to travel for more than one hour and due to the job availability in the area, it would be very difficult for Howard to secure employment.
In finding Howard to be permanently and totally disabled, the trial court made the following conclusions:
“2. As a result of this injury, the Plaintiff has sustained injuries and recurrent back problems which make it impossible for him to return to any type of work other than sedentary work.
“3. As a result of Plaintiff’s limited education, intellectual capacities, limited vocational experience, the physical restrictions due to the doctors’ findings, and pain, there is no sedentary work available to this Plaintiff.
“4. As a result of his limited educational, intellectual capacities, limited vocational experience, the physical’ restrictions due to the doctors’ findings, and pain, the Court finds that the Plaintiff is not capable of being retrained, and is therefore not a candidate for vocational rehabilitation into some other line of work.
“5. In light of the above, the Court finds, and so holds, that as a result of the injury sustained by the Plaintiff on April 10, 1990, Ronnie Howard, is permanently and totally disabled from any gainful employment.”
The test for permanent total disability is the inability to perform one’s trade and the inability to find gainful employment. Mead Paper Co. v. Brizendine, 575 So.2d 571 (Ala.Civ.App.1990). Total disability does not mean entire physical disability or absolute helplessness. Genpak Corp. v. Gibson, 534 So.2d 312 (Ala.Civ.App.1988). It is the duty of the trial court to make some determination as to the extent of disability. Genpak. The trial court is not bound by expert testimony. Gen-pak. In making the determination, the trial court must consider all the evidence, including its own observations, and interpret it to its own best judgment. Genpak.
In a workmen’s compensation case, this court’s review is limited to a determination of whether there is any legal evidence to support the trial court’s conclusions. If a reasonable view of the evidence supports the findings of the trial court, this court may then determine whether the correct legal conclusions have been drawn therefrom. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991).
Townsend insists that no reasonable view of the evidence supports the trial court’s finding of permanent total disability. Townsend specifically contends that the trial court abused its discretion in failing to consider that Howard moved to Grove Hill after the accident, thus limiting his access to future employment. Townsend asserts that:
“Since the plaintiff had worked in Mobile County for twelve years and then, post-injury, moved to a remote area of the state, the Court should have considered the evidence as if the plaintiff had remained in the populous area where he had been employed and injured for the purpose of determining the plaintiff’s vocational disability or loss of earning capacity.”
The evidence concerning Howard’s residence at the time of the accident was in dispute. James Cowart testified that he believed that Howard moved to Grove Hill *1094 after the accident. Howard testified that he was living in Grove Hill at the time of the accident and was commuting to Mobile. Even with this conflict in the evidence, we find Townsend’s argument to be of no effect because we find that there is ample evidence to support the trial court’s finding of permanent total disability.
James Cowart testified that Howard was 100% unemployable, both in the area surrounding Grove Hill and in Mobile. Marlene Williams testified that Howard had six percent of jobs available to him. This six percent took into account the entire state. Williams testified that Howard would have a better chance of securing employment if he lived in a more populous area like Mobile, but she failed to establish that any jobs were available to Howard in Mobile. One’s physical disability is not dependent upon where he lives. If Howard is totally physically disabled, he is equally disabled in Grove Hill or Mobile.
The trial court heard the experts and observed Howard; it is the trier of fact and has the duty to weigh the evidence. This court is precluded from doing so. Genpak. We merely examine the record to determine if the conclusion of the trial court is reasonably supported by the evidence. We find such support in this case. Ex parte Eastwood Foods, Inc.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.