L. CHARLES WRIGHT, Retired Appellate Judge.
Sarah Ellen Nix filed a complaint for workmen’s compensation benefits in the Circuit Court of Montgomery County against Shoney’s, Inc., alleging that she was owed benefits for a work-related injury. Following oral proceedings, the trial court found *710 Nix to be totally and permanently disabled. Shoney’s appeals.
The record reflects that Nix was employed with Shoney’s as a kitchen manager. At the time of the hearing, she was 39 years old. She began working for Shoney’s full-time in 1980 or 1981. Shoney’s has been her only employer. She completed the eighth grade and obtained her GED.
Nix testified that she began experiencing pain in her dominant hand and wrist in the fall of 1988. She testified that the pain came from the continuous use of her wrist and hand in preparing food. The pain continued to get progressively worse, and in July 1989 she quit her job with Shoney’s. She has not been employed since that time. She has been on various medications and has worn a splint or a cast on the hand and wrist. She wears a TENS unit to try to sleep and to receive some relief from the constant pain. She testified that she can no longer perform normal daily activities without pain.
Nix was treated by Dr. James Faulkner, an orthopedic surgeon. Dr. Faulkner diagnosed Nix as suffering from reflex sympathetic dystrophy. He testified by deposition that Nix had a 90% partial impairment to the upper extremity, which equates to a 54% permanent partial impairment to the body as a whole.
Dr. Walter Whitehurst, a neurological surgeon, examined Nix in December 1989. He testified by deposition that Nix was not suffering from reflex sympathetic dystrophy. He further testified that he found no objective evidence which would be consistent with the pain which Nix related she was experiencing.
Dr. Zenko Hrynkiw, a neurosurgeon, examined Nix in January 1992. He testified by deposition that after conducting a full neurological examination, there were no pathological findings consistent with reflex sympathetic dystrophy. He opined that Nix was malingering.
Myrtice Carr, a vocational expert, testified that, in her opinion, Nix was 100% unemployable. Her opinion was based on Dr. Faulkner’s deposition, Nix’s past employment, her educational and intellectual level, and her expressed level of pain.
Lori Hodge, a vocational expert, met with Nix in January 1991. She testified that at that time Nix suffered a vocational access loss of 84% and a vocational disability rating of 59%. After forming her opinion in January 1991, Hodge had the opportunity to examine Dr. Whitehurst’s and Dr. HrynMw’s depositions and to view surveillance videotapes of Nix performing daily activities. She testified that, if she had been aware of the depositions and the videotapes in January 1991, her ratings would have been significantly lower.
Shoney’s introduced into evidence two surveillance videotapes of Nix, dated November 1990 and November 1992. The videotapes depicted Nix riding a horse, driving a car, and lifting panels of wood.
In finding Nix to be totally and permanently disabled, the trial court made the following findings:
“Upon consideration of the pleadings, the testimony heard ore tenus, and the depositions submitted, the Court finds that the Plaintiff is permanently and totally disabled as a direct result of the injury she received as a result of an accident while in the employ of the Defendant. The Court further finds this accident arose out of, and in the scope of, the Plaintiffs employment. The Court specifically finds that the Plaintiff is totally and permanently vocationally impaired as a result of her on-the-job injury.
“The Plaintiff testified that she has been unable to work since August 1989. The Plaintiff testified that because of her pain and weakness in her right arm, which is her dominant arm, she has been unable to perform even routine tasks without pain. This court finds the Plaintiffs testimony credible. This Court further finds there is medical evidence in the medical records and the doctors’ depositions before this Court that substantiate the Plaintiffs claim of pain and physical disability and the proximate cause of the accident for the same.
“Evidence was offered by both parties through vocational experts. The experts *711 for the Plaintiff and Defendant testified that the Plaintiff was vocationally impaired. The Court finds that there was substantial evidence to confirm the opinion of Myrtice Carr, a licensed professional counselor, certified rehabilitation counsel- or, and a certified insurance rehabilitation specialist. Ms. Carr’s opinion was consistent with the finding of this Court in that the Plaintiff is 100% permanently totally disabled.
“In opposition to the Plaintiffs testimony that she is permanently and totally disabled, the Defendant offered the testimony of investigators and various videotapes filmed by these investigators without the Plaintiffs knowledge and/or consent. The Court finds that the testimony of the investigators and the viewing of the videotapes revealed little or no activity on the part of the Plaintiff and further finds that there was nothing offered by this testimony that persuaded this Court the Plaintiff is not currently totally disabled as a result of the on-the-job accident. This Court further finds that the testimony and videotapes did not impeach the testimony offered by the Plaintiff and, in fact, notes that the extensive period of time that the Plaintiff was followed by investigators, with little or no findings, bolsters the Court’s opinion that the Plaintiff is permanently and totally disabled.”
The test for permanent total disability is the inability to perform one’s trade and the inability to find gainful employment. Mead, Paper Co. v. Brizendine, 575 So.2d 571 (Ala.Civ.App.1990). Total disability does not mean entire physical disability or absolute helplessness. Genpak Corp. v. Gibson, 534 So.2d 312 (Ala.Civ.App.1988). It is the duty of the trial court to make some determination as to the extent of disability. Genpak. The trial court is not bound by expert testimony. Genpak. In making the determination, the trial court must consider all the evidence, including its own observations, and interpret it to its own best judgment. Genpak.
In a workmen’s compensation case, this court’s review is limited to a determination of whether there is any legal evidence to support the trial court’s conclusions. If a reasonable view of the evidence supports the findings of the trial court, this court may then determine whether the correct legal conclusions have been drawn therefrom. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991).
Shoney’s insists that no reasonable view of the evidence supports the trial court’s finding of permanent total disability. The trial court heard the experts and observed Nix; it is the trier of fact, and it has the duty to weigh the evidence. This court is precluded from doing so. Genpak. We merely examine the record to determine if the conclusion of the trial court is supported by a reasonable view of the legal evidence. We find such support in this case. Ex parte Eastwood Foods, Inc.
Shoney’s subsequently filed a Motion to Amend Findings or Make Additional Findings and Motion to Alter, Amend or Vacate Judgment, or in the alternative, Motion for a New Trial. The motion was based upon the affidavit of Dr. Faulkner, in which he retracted his diagnosis of reflex sympathetic dystrophy. His retraction was based upon a review of the videotapes offered previously at trial. Shoney’s insisted that Dr. Faulkner’s deposition testimony was the “only” basis for a finding of disability and that once eliminated, there was no other testimony to support the trial court’s finding of total permanent disability.
Following a hearing, the trial court denied the motion, stating the following:
“1. The affidavit submitted from the treating physician on behalf of the Defendant in its Motion for New Trial raises uncertainty in the mind of the Court as to whether the Plaintiff continues to suffer a permanent and total disability.
“2. However, the Court is not persuaded that its initial decision in this matter was in error, only that the Plaintiff may have recovered.”
The trial court ordered Shoney’s to submit a supplementary petition for alteration, amendment, or revision of compensation pursuant to § 25-5-57(a)(4)b., Code 1975. The record reflects that Shoney’s followed the trial *712 court’s order and filed the motion on May 27, 1993. The trial court set a hearing date on the motion for June 29, 1993. Shoney’s filed a notice of appeal, attacking the trial court’s initial order and the denial of its motion for new trial, on June 18, 1993.
Shoney’s asserts that the trial court erred in denying its motion for new trial.
Shoney’s request for the new trial was based on Dr. Faulkner’s retraction of his deposition testimony. Dr. Faulkner retracted his testimony after he reviewed the surveillance videotapes. The videotapes were available for Dr. Faulkner’s inspection prior to the taking of his deposition. It was a tactical decision made by Shoney’s not to have Dr. Faulkner review the videotapes at that time. Dr. Faulkner’s retraction of his testimony, which could have been accomplished prior to trial, cannot be made a basis for the grant of a new trial.
The trial court related to Shoney’s that the proper remedy would be to file a motion under § 25-5-57(a)(4)b. We agree. Shoney’s filed the motion, and the trial court set a hearing on the motion. We are not aware of the outcome of that hearing. We realize, however, that this appeal was filed due to time constraints associated with the filing of an appeal. We view the motion made pursuant to § 25-5-57(a)(4)b. to be a separate action that does not affect the finality of the judgment now before us.
The trial court did not err in denying Shoney’s request for a new trial. The question of whether Shoney’s is entitled to relief under § 25-5-57(a)(4)b., is not before us at this time.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.