Because I conclude that the company is entitled to a setoff for the medical disability benefits it will pay to the worker, and because I conclude that the evidence supports the trial court's finding that the worker suffered no permanent disability as a result of his 1992 injuries, I must respectfully dissent as to those issues.
Presiding Judge Robertson's opinion states that the company is not entitled to a setoff because the disability benefits the worker is receiving are a fringe benefit which is a part of his salary and that Sanders has "paid" for the disability benefits by forgoing a higher salary without a disability benefits plan. I do not interpret § 25-5-57(c)(1) in such a manner. The issue is whether the company "provided [Sanders] benefits or paid for the plan." I conclude that the company has provided the disability benefits.
The Murray case addresses only the issue whether a disability benefits plan is included in the average weekly wage for purposes of determining the amount of compensation a worker receives. Although the Murray court held that such benefits are included in the average weekly wage, that holding contradicts Presiding Judge Robertson's conclusion that the worker provides the plan. The company provides the salary for the worker and thus provides the disability benefits plan also. Therefore, the company is entitled to a setoff for such payments, pursuant to § 25-5-57(c)(1).
I agree that the 1992 injuries are governed by the standard of review set out in Ex parte Eastwood Foods and Ex parteVeazey. However, my review of the record reveals evidence that supports the trial court's judgment. Dr. Miller's medical notes stated that the worker had no permanent disability after his carpal tunnel release, which was performed after the second injury in 1992. Dr. Bacon testified that the worker suffered a 5% disability to his upper extremity after the carpal tunnel release. Dr. Clark testified that Dr. Miller's assessment of disability did not take into account the first injury suffered in 1992; however, that testimony does not mandate a reversal of the trial court's judgment. The trial court merely resolved the conflicting evidence, and the trial court is not bound by the expert testimony and is free to make its own observations and determine the extent of disability. Genpak Corp. v. Gibson,534 So.2d 312 (Ala.Civ.App. 1988). Therefore, I must respectfully dissent as to this issue also.