MONROE, Judge,
concurring specially.
I agree that there can be no question but that Skelton proved that his employment with Uniroyal was at least a contributing factor to his injury, and that, therefore, Skel-ton established medical causation. Medical causation is nothing more than a fancy term for “what caused, or contributed to cause, the injury.” A review of the record shows that there was no substantial evidence to show that Skelton’s injury was caused by something other than his employment.
I note that in his dissenting opinion, Judge Crawley relies on his special concurrence in Blue Water Catfish, Inc. v. Hall, 667 So.2d 110 (Ala.Civ.App.1995), to point out that “[i]n worker’s compensation cases, an employee must present ‘more than evidence of .mere possibilities such as would simply serve to “guess” the employer into liability.’ ” However, I believe that in both Blue Water Catfish and in Judge Crawley’s dissent in this case, the employee is being “guessed” out of benefits. Therefore, I must once again disagree with my esteemed colleague.
In this ease, Skelton, who is 50 years old and has a high school education, presented substantial evidence that he sustained an injury to his back at work, and that from that point on, he had increasing back pain. The medical testimony showed that Skelton’s colon surgery in 1988 left him without many of the muscles in his back. Nonetheless, he returned to work at Uniroyal, where he had been employed since 1977, and worked for another 10 years. In 1993, while lifting and turning with a 70-pound tire, Skelton experi- *102 eneed a “sharp pain in his back” that “sent him to his knees.” He was subsequently-diagnosed with a bulging disk in his back.
It appears to me that, despite this evidence, the trial court then considered other factors that might cause a herniated disc, and “guessed” that one of those factors might have caused Skelton’s back problem instead of the work-related accident. The Workers’ Compensation Act is to be liberally construed to accomplish its beneficent purposes, and doubts must be resolved in favor of the employee. Scott Paper Co. v. Smith, 600 So.2d 269 (Ala.Civ.App.1992). It appears that in this case, however, the trial court resolved its doubts in favor of the employer. I believe that at the very least, Skelton proved that the accident contributed to his injury and that he is entitled to benefits.
I also want to take the opportunity to note that in a time when current sentiment is such that the public and the government are demanding a cut back on public assistance, Skelton is the perfect role model. Despite suffering from colon cancer and having a large portion of the muscles holding his back and spine together removed as part of his treatment, Skelton returned to his-job with Uniroyal and worked 10 more years. Obviously, he is not the kind of employee who tries to “get something for nothing.” If we are to demand that all ablebodied people go to work, a concept with which I agree, then we also have the responsibility of ensuring that when those workers are injured on the job and make legitimate claims for those injuries, we do everything possible to provide help and support for them, instead of looking for ways to deprive them of the benefits to which they are rightfully entitled.