THOMAS, Judge.
In 2006, Charles Wilson was employed by Imerys USA (“Imerys”).[1] During the course of his employment, Wilson allegedly sustained a work-related injury to his back in November 2006. Wilson was first treated by Dr. Walter Pinson. Wilson then requested a panel of four orthopedists from which to choose, see § 25-5-77(a), Ala.Code 1975; Wilson selected Dr. Dewey Jones IV. Wilson was treated by Dr. Jones from January 2007 until April 5, 2007, when Dr. Jones placed Wilson at maximum medical improvement (“MMI”), indicated in his note that Wilson could return to see him on an as-needed basis, and recommended that Wilson be referred to a physiatrist to “overtake his oral pain management situation.”
Wilson was referred to Dr. Mark Dow-ney at Alabama Orthopedic Center for pain-management treatment. Dr. Downey treated Wilson with periodic epidural injections between May 2007 and January 2008. In January 2008, Dr. Downey referred Wilson to the Doleys Cliniq/Pain and Rehabilitation Institute, where he was treated by Dr. Thomas Ryder. In Novem *681 ber 2008, after pain-management treatment had not resolved Wilson’s pain issues, Dr. Ryder requested authorization from Imerys’s third-party administrator to refer Wilson to Dr. Andrew Cordover, an orthopedist, for further evaluation of whether Wilson would benefit from surgical intervention. The third-party administrator denied authorization, stating in its response to Dr. Ryder that Wilson should be sent to see Dr. Downey, who the administrator incorrectly referred to as the “assigned orthopedist.” Ultimately, however, the third-party administrator scheduled for Wilson another appointment with Dr. Jones, which Wilson refused to attend.
Imerys moved to compel Wilson to attend the appointment with Dr. Jones for the purpose of surgical evaluation. Imer-ys also requested in that motion that the trial court order that Imerys was not required to honor Dr. Ryder’s attempted referral to Dr. Cordover. Wilson responded to Imerys’s motion, requesting first that the trial court deny Imerys’s motion to compel Wilson to see Dr. Jones. Wilson also sought affirmative relief, requesting that the trial court order Imerys to authorize the referral to Dr. Cordover.
After a hearing on the competing motions, the trial court denied Imerys’s motion to compel. In addition, the trial court ordered Imerys to authorize evaluation and treatment by Dr. Cordover. In its judgment, the trial court explained its reasoning as follows:
“Based upon the Alabama Workers’ Compensation Act and the cases interpreting the Act, referrals made by an authorized treating physician are to be authorized, approved and paid for by the employer. See Overnite Transportation Company v. J.R. McDuffie, 933 So.2d 1092 (Ala.Civ.App.2005); Ex parte Alabama Power Co., 863 So.2d 1099 (Ala.Civ.App.2003); City of Auburn v. Brown, 638 So.2d 1339 (Ala.Civ.App.1993); Jasper Cmty. Hosp. v. Hyde, 419 So.2d 594 (Ala.Civ.App.1982); Waffle House v. Howard, 794 So.2d 1123 (Ala.Civ.App.2000); Blue Bell, Inc. v. Nichols, 479 So.2d 1264 (Ala.Civ.App.1985).”
Imerys seeks mandamus relief from of the trial court’s order.
“ ‘ “[Mjandamus is a drastic and extraordinary writ that will be issued only when there is: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” Ex parte Horton, 711 So.2d 979, 983 (Ala.1998).’ ”
Ex parte Builders & Contractors Ass’n of Mississippi Self-Insurer’s Fund, 980 So.2d 1003, 1006 (Ala.Civ.App.2007) (quoting Ex parte Alloy Wheels Int’l, Ltd., 882 So.2d 819, 821 (Ala.2003), overruled on other grounds by Ex parte DBI, Inc., 23 So.3d 635, 657 (Ala.2009)).
Imerys argues that the trial court could not, under existing precedent, order it to authorize treatment by Dr. Cordover based upon Dr. Ryder’s referral. Imerys readily agrees that it is required to honor a referral by an authorized treating physician.[2] See Ex parte City of Prattville, 56 *682 So.3d 684, 690 (Ala.Civ.App.2010) (“Once [the authorized treating physician] has been selected by the employer [or by the panel-of-four procedure outlined in § 25-5-77(a) ], that physician has the implied authority to refer the employee to a specialist for reasonably necessary medical treatment....”); Overnite Transp. Co. v. McDuffie, 933 So.2d 1092, 1099 (Ala.Civ.App.2005) (“Under [Ala.Code 1975,] § 25-5-77(a), and ... interpreting that section, an employee is entitled to reimbursement for reasonably necessary medical treatment from a physician or other medical provider to whom he or she has been referred by the initial, authorized treating physician.”). However, Imerys argues that it is not necessarily required to honor a referral for reasonably necessary treatment made by a physician or medical professional to whom the employee has been referred by the authorized treating physician; that is, Imerys maintains that only the authorized treating physician has the authority to refer an employee to another medical provider. Imerys also argues that the trial court’s order requiring it to authorize treatment by Dr. Cordover, an orthopedist, would result in permitting Wilson to choose another orthopedist without utilizing the panel-of-four procedure authorized in Ala.Code 1975, § 25-5-77(a).
The Workers’ Compensation Act, § 25-5-1 et seq., Ala.Code 1975, gives an employer the right to select an injured employee’s physician in the first instance. See Ala.Code 1975, § 25-5-77(a); see Ex parte Alabama Power Co., 863 So.2d 1099, 1102 (Ala.Civ.App.2003) (stating that the employer has the right “to exercise considerable control over the medical care for which it must pay, including the right to choose the employee’s physician in the first instance”). If an injured employee is dissatisfied with the physician selected by the employer, he or she may request that the employer provide a panel of four physicians from which the employee may choose a treating physician. § 25-5-77(a). There is no other method by which the employee may choose another physician provided by the employer.
However, as noted above, an authorized treating physician is permitted to refer an employee to another physician or medical professional for reasonably necessary medical treatment. Ex parte City of Prattville, 56 So.3d at 690; McDuffie, 933 So.2d at 1096-99. That other physician to whom an employee is referred by the authorized treating physician “thereby becomes an authorized physician.” Ex parte City of Prattville, 56 So.3d at 690. This court has also held that a physician to whom the employee is referred has implicit authority to control the aspect of treatment for which the referral was made. Ex parte Massey Chevrolet, Inc., 23 So.3d 33, 40 (Ala.Civ.App.2009).
In Ex parte Massey Chevrolet, this court addressed whether an employer was required to pay for pain-management treatment rendered to the employee by Dr. Aprill. Ex parte Massey Chevrolet, Inc., 23 So.3d at 35-40. Dr. Peterson, the employee’s authorized treating physician, had referred the employee to Dr. Nichols for pain-management treatment. Id. at 37. Dr. Nichols had, during an undetermined period of time, recommended that the employee seek certain treatment from Dr. Aprill. Id. at 39-40. The employer in Ex parte Massey Chevrolet argued that Dr. Aprill was not an authorized physician and that it should not be required to pay for any treatment Dr. Aprill had rendered to the employee. Id. at 36. This court disagreed with the employer in part, explaining that Dr. Peterson’s referral to Dr. *683 Nichols for the specific purpose of managing the employee’s pain-management treatment had “implicitly authorized [Dr. Nichols] to control [the employee’s] pain-management treatment.” Id. at 40. This court concluded that the referral from Dr. Peterson permitted Dr. Nichols to assert control over the employee’s pain-management treatment and included with it the right to recommend that the employee seek further pain-management treatment from Dr. Aprill. Id. Thus, we held that the employer was required to pay for any treatment rendered by Dr. Aprill during the period that Dr. Nichols had recommended such treatment but that the employer was not required to pay for any treatment rendered after Dr. Nichols had withdrawn his recommendation that the employee seek treatment from Dr. Aprill. Id.
Based on our discussion in Ex parte Massey Chevrolet of the implicit authority derived from a referral from an authorized treating physician, we can glean that the referral from the authorized treating physician confers, in many cases, the right to control the aspect of treatment for which the referral was made. However, the referral does not transfer to the referred physician the right to control all aspects of the employee’s treatment. That is, the referred physician does not become the authorized treating physician for all purposes by virtue of the referral. The authorized treating physician continues to have authority over the employee’s overall medical treatment. See Ex parte Massey Chevrolet, 23 So.3d at 40-41.
To determine whether Dr. Ryder’s referral to Dr. Cordover was implicitly authorized, we must examine the series of referrals in the present case. First, Dr. Jones, who is an orthopedist, referred Wilson to Dr. Downey for pain-management treatment. Dr. Downey determined that his treatment was not adequately addressing Wilson’s pain, and Dr. Downey decided to refer Wilson to Dr. Ryder for further and different pain-management treatment. Dr. Downey’s referral of Wilson to Dr. Ryder fell within the scope of Dr. Dow-ney’s authority as Wilson’s pain-management physician to direct Wilson’s pain-management treatment. However, by virtue of Dr. Downey’s referral, Dr. Ryder did not gain the authority to refer Wilson for orthopedic evaluation or treatment. At no time did Dr. Jones cede his control over Wilson’s course of orthopedic treatment, and he remains Wilson’s original authorized treating physician under § 25-5-77(a). Dr. Ryder’s referral to Dr. Cordover for orthopedic evaluation was, therefore, not implicitly authorized by either Dr. Jones’s referral to Dr. Downey or Dr. Downey’s subsequent referral to Dr. Ryder. Wilson must therefore seek further orthopedic evaluation or treatment from Dr. Jones.
Accordingly, we agree with Imerys that Dr. Ryder’s referral of Wilson to an orthopedist other than his authorized treating physician, Dr. Jones, is outside the scope of Dr. Jones’s original referral and runs afoul of § 25-5-77(a). We therefore grant the petition and issue the writ ordering the trial court to set aside its order requiring Imerys to authorize treatment by Dr. Cordover.
PETITION GRANTED; WRIT ISSUED.
THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.

. The petitioner is identified inconsistently in the pleadings and other documents appended as exhibits to the petition for the writ of mandamus. On certain of the pleadings and documents, it is identified as “Imerys d/b/a E.C.C.A. Calcium Products, Inc.” We have chosen to use the name that appears on the petition.

. An employer must honor such a request, provided, of course, that the referral is for reasonably necessary medical treatment; whether a referral is for reasonably necessary medical treatment may be challenged pursuant to the utilization-review process provided for in Ala.Code 1975, § 25-5-293(g) and (k). See, e.g., Overnite Transp. Co. v. McDuffie, 933 So.2d 1092, 1098 n. 4 (Ala.Civ.App.2002). Imerys makes no argument that the request by Dr. Ryder that Wilson be evaluated to *682 determine whether surgical intervention is warranted is not reasonable and necessary.