THOMAS, Judge,
concurring in part, concurring specially in part, and concurring in the result in part as to the appeal; concurring in the result as to the cross-appeal.
Regarding the appeal filed by American Cast Iron Pipe Company (“ACIPCO”), I agree that the judgment of the Jefferson Circuit Court (“the trial court”) should be reversed and the cause remanded. I agree with the majority of this court that the evidence presented by the vocational expert was irrelevant in light of the conclusion that Sharon Blackmon’s compensation must be limited to the compensation set out for scheduled members under the Alabama Workers’ Compensation Act, Ala. Code 1975, § 25-5-1 et seq.
However, regarding the conclusion that Blackmon’s benefits should not be calculated based on a nonscheduled injury to her body as a whole, I concur specially. In addition to the authorities cited in the main opinion, I would rely upon General Electric Co. v. Baggett, 1 So.3d 1015, 1020 (Ala.Civ.App.2007), to support this holding. The employee in Baggett complained that his leg injury required him to use a cane to walk, prevented him from squatting and lifting without pain, prevented him from standing for long periods, prevented him from, walking long distances, prevented him from crawling and climbing, and caused him to have trouble balancing. Baggett, 1 So.3d at 1020. We concluded in Baggett that the evidence regarding the employee’s symptoms did not amount to substantial evidence indicating that the effects of his leg injury extended to other *369 parts of his body, noting specifically that “these effects are consistent with the loss of the use of a leg and do not necessarily indicate that the left-leg injury extends to other parts of the body.” Id. In our discussion in Baggett regarding whether the effects of the employee’s injury extended to the body as a whole, we noted that our supreme court, in Ex parte Drummond Co., 837 So.2d 831 (Ala.2002), had expressly overruled Checker’s Drive-In Restaurant v. Brock, 603 So.2d 1066, 1069 (Ala.Civ.App.1992), in which this court had concluded that, based on the fact that the employee’s physician had limited her ability to stand and the fact that the employee had testified that the pain in her foot had prevented her from standing for long periods, the employee’s compensation should have been based upon an injury to her body as a whole. Because Blackmon primarily complains of pain and swelling in her ankle that prevents her from standing for long periods, I find that our analysis in Baggett and our supreme court’s overruling of Brock form a compelling basis for reversing the trial court’s judgment in the present case, insofar as it determined that Blackmon had suffered a nonscheduled injury to her body as a whole.
I also agree with the conclusion that the trial court erred by authorizing Dr. Shane Buggay as Blackmon’s treating physician for her ankle injury. However, I do not read § 25-5-77(b), Ala.Code 1975, as authorizing a method by which an employee may seek to change his or her authorized treating physician or to seek treatment in addition to that provided by an authorized treating physician. Instead, I read that provision as authorizing the appointment of a neutral physician to resolve a dispute over the type of injury or the extent of disability and not to treat the employee. I believe that my reading of § 25-5-77(b) is supported by this court’s conclusion that an employee has only one method of choosing another authorized treating physician — the panel-of-four process provided for in § 25-5-77(a) — and that “[tjhere is no other method by which the employee may choose another physician provided by the employer.” Ex parte Imerys USA, 75 So.3d 679, 682 (Ala.Civ.App.2011). Thus, I concur in the result on this issue.
Regarding Blackmon’s cross-appeal, I agree to affirm the trial court’s judgment as to the issue raised by Blackmon. I do not believe that the trial court erred by denying Blackmon’s motion to tax additional costs against ACIPCO; however, I cannot agree that Blackmon offered too little authority for this court to comprehend and address the issue. Clearly, Blackmon referred this court to § 25-5-89, Ala.Code 1975, which provides:
“Costs may be awarded by said court in its discretion, and, when so awarded, the same costs shall be allowed, taxed and collected as for like services and proceedings in civil cases, but if it shall appear that the employer, prior to the commencement of the action, made to the person or persons entitled thereto a written offer of compensation in specific terms, which terms were in accordance with the provisions of this article and Article 2 of this chapter, then no costs shall be awarded or taxed against such employer.”
In her brief to this court, Blackmon contends that the trial court erred by failing to tax certain costs against ACIPCO. She then cites specific authority for the proposition that costs may be awarded, and she states her position that the trial court should have exercised its discretion to tax the costs against ACIPCO because, she says, it had displayed a “confrontational and antagonistic attitude.” Therefore, I conclude that Blackmon has properly presented the issue for our review. However, *370 I concur in the result in the cross-appeal because I further conclude that the award of costs is generally within a trial court’s discretion and that, in this case, the trial court did not abuse its discretion. Reeves Rubber, Inc. v. Wallace, 912 So.2d 274, 281 (Ala.Civ.App.2005).